Rena B. DRIGGERS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Edward DRIGGERS, Plaintiff,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 69–740.

United States District Court,
D. South Carolina,
Orangeburg Division.

March 13, 1970.

L. M. Fanning, W. T. Klapman,
Orangeburg, S. C., for plaintiffs.

**1378**

Joseph O. Rogers, Jr., U. S. Atty., Columbia, S. C., for defendant.

## ORDER

SIMONS, District Judge.

The plaintiffs brought these actions originally against Warren G. Crook in the Court of Common Pleas for Orangeburg County, South Carolina, seeking damages for personal injuries and property damage resulting from a collision on U. S. Highway 301 near Orangeburg on April 23, 1969. Service was effected upon the defendant motorist by serving the State's Chief Highway Commissioner under the substitute service statute applicable to non-resident motorists involved in traffic accidents in South Carolina.

Both cases were removed to this court upon motion of the United States Attorney and the United States was substituted as defendant in each case upon certification pursuant to 28 U.S.C. § 2679(d) that Warren G. Crook was acting within the scope of his employment by the United States at the time of the incident alleged in the complaints. Following the removal and substitution of defendant in each case, the United States filed identical motions to dismiss pursuant to Rule 12(b), F.R.Civ.P., alleging that the court lacks jurisdiction because the plaintiffs have not filed claims with the Federal Aviation Administration, the employer of Warren G. Crook, as required by 28 U.S.C. § 2675(a).

■ Title 28 U.S.C. § 2675(a), as amended in 1966 by Pub.L. 89–506, § 2, 80 Stat. 306, now provides that an administrative claim is a prerequisite to filing or maintaining a civil action under the Federal Tort Claims Act. Although no difficulty is experienced in construing the plain language of the statute, the legislative history of the 1966 amendments is enlightening as to the reasons for the amendments. Senate Report No. 1327 (Judiciary Committee), 89th Congress, 2nd Session, U.S.Code Cong. and Admin.News, p. 2515 (1966), contains an explanation of the purpose of the amendments. It is clear, therefore, that an administrative claim is now required before a suit against the United States may be maintained under the Federal Tort Claims Act. Beavers v. United States, 291 F.Supp. 856 (S.D.Tex.1968).

The plaintiffs contend that they should be relieved of the necessity to file administrative claims in the circumstances of these actions. The basis of this contention is certain correspondence consisting of two letters from one of the plaintiffs' attorneys to Mr. Crook, and a Government claim for property damage to its vehicle sent to Mr. Driggers, one of the plaintiffs. The first letter was dated May 1, 1969, which was eight days after the traffic accident described in the complaints. It requested Mr. Crook to have his liability insurance carrier contact the sender as the attorney for Mr. and Mrs. Driggers. The second letter was dated June 9, 1969, and a copy was sent to the counsel for the FAA facility where Mr. Crook was employed in New Jersey. The June 9th letter solicited word from the addressee or his legal representative if he desired to discuss settlement of the matter. Neither letter was answered, according to the sender. The actions against Mr. Crook in the State Court were instituted during August, approximately four months after the accident, and some two months after the second letter to him. In the meantime, Mr. Driggers, one of the plaintiffs, had received in late June a notice of claim from the General Services Administration for damages to the vehicle Mr. Crook was driving at the time of the accident. Plaintiffs urge that the letters constituted notice of their claims, and that the General Services Administration claim for damages to the Government vehicle constituted, in effect, a denial of the Government's liability for the claims of plaintiffs.

■ While the argument of the plaintiffs is not without some appeal, it fails to convince the court that the defendant's motions should not be granted. Initially, it must be noted that the letters from the attorney for the plaintiffs to Mr.

Crook did not comply with the requirement of the regulations prescribed by the Attorney General, pursuant to 28 U.S.C. § 2672, that a written notice of an incident must be "accompanied by a claim for money damages in a sum certain * * *." 14 CFR 14.2. Additionally, both 28 U.S.C. § 2675(a) and 14 CFR 14.9 specify that a denial of an administrative claim must be in writing sent by certified or registered mail. It follows that a separate claim filed by General Services Administration for damages to the Government vehicle cannot be the denial in writing by "the appropriate Federal agency" that is contemplated by the statute. Moreover, the court observes that the plaintiffs' suits were brought within four months of the accident date. Therefore, the suits were premature in the absence of a written denial from the FAA, even if the plaintiffs' attorney might have intended his letters to Mr. Crook to be a claim within the meaning of the Act. A failure of the Federal agency to act on a proper claim may be considered as a denial only if a claim has been filed for six months under the express language of section 2675(a).

■■■ The plaintiffs also contend that the requirement for an administrative claim to precede a suit does not obtain where suit is filed against an individual whose status as a Government employee acting in the course of his employment is not clearly known to the plaintiff. Even disregarding the fact that the vehicle Mr. Crook was driving bore U. S. Government license plates, the contention of the plaintiffs overlooks section 5 of the 1966 Act amending the Tort Claims Act. Section 5 made significant changes in 28 U.S.C. § 2679(b), sometimes referred to as the Government drivers statute, so as to make this subsection conform in every respect to other amendments requiring the filing of administrative claims. The amendment deleted the words "by suit" from the first sentence of the subsection, and added therein a reference to section 2672, which details administrative claim procedure. As a result of the changes, an administrative claim is also required if a claimant is injured by a Government driver if he is properly certified to have been acting in the course of his employment at the time of the incident out of which the claim originated. Thus, when under 28 U.S.C. § 2679(d) the United States removed these actions against Warren G. Crook, and certified his capacity as a Government employee to effect the removal mandated by the statute and to obtain the substitution of the United States as the defendant, the actions for all purposes became tort actions against the United States. As such, the actions were premature when they reached this court if no administrative claims have been filed. No other interpretation can be placed on the 1966 amendment if effect is to be given to the inclusion of a reference to section 2672 in the amended Government drivers subsection, the exclusive remedy available to the plaintiffs. Senate Report No. 1327, supra, p. 2521.

■■ It is axiomatic that the United States can be sued only with its consent and that Congress may specify the terms and conditions of such suits as it authorizes. United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). The requirement for an administrative claim to be filed as a prerequisite to a suit under the Federal Tort Claims Act exemplifies one such condition; since the claim must precede a suit, the requirement is jurisdictional, and cannot be waived. In this respect, the requirement is not unlike the two year limitation period contained in 28 U.S.C. § 2401(b). This limitation has been held many times to be a jurisdictional requirement, one not capable of a waiver or subject to an estoppel. See, for example, Lomax v. United States, 155 F.Supp. 354 (E.D.Pa.1957); Pittman v. United States, 210 F.Supp. 763 (N.D. Cal., S.D., 1962), aff'd. 341 F.2d 739 (9 Cir. 1965), cert. den. 382 U.S. 941, 86 S. Ct. 394, 15 L.Ed.2d 351; Phillips Pipe Line Co. v. United States, 299 F.Supp. 768 (W.D.Okl.1969); Powers v. United States, 390 F.2d 602 (9 Cir. 1968); and

Jackson v. United States, 234 F.Supp. 586 (E.D.S.C.1964).

These same cases require the rejection of any inference derived from plaintiffs' appealing argument that the United States waved an administrative claim, as to Mr. Driggers, when GSA submitted to him a claim for damage to the Government vehicle, or that the United States should be estopped to require claims to be filed by plaintiffs because both Mr. Crook and his employer failed to answer the letters from plaintiffs' attorney.

Accordingly, I must conclude that this court lacks jurisdiction of these actions because of the failure of plaintiffs to comply with 28 U.S.C. § 2675(a), and that the actions must be dismissed.

It is so ordered.