Mary Eileen **MEEKER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 20278.

United States Court of Appeals,
Eighth Circuit.

Dec. 30, 1970.

Warren C. Johnson, Clinton, Iowa, for appellant.

Claude H. Freeman, Asst. U. S. Atty., Allen L. Donielson, U. S. Atty., Des Moines, Iowa, for appellee.

Before MATTHES, Chief Judge, and LAY and BRIGHT, Circuit Judges.

MATTHES, Chief Judge.

This suit was initially commenced by appellant on December 17, 1969 in the Clinton County, Iowa District Court against Bruce A. Abbott, Robert Martin, Postal Leasing, Inc. and Macheal Oil Company, seeking recovery for damages alleged to have resulted from an automobile accident which occurred on December 18, 1967 in Clinton, Iowa. Two vehicles were involved in the collision—a postal truck driven by Abbott, and a taxicab driven by Martin. Appellant was a passenger in the cab at the time of the accident.[1]

On December 31, 1969, upon motion of the United States Attorney, invoking 28 U.S.C. § 2679(d) and certifying that the accident occurred while Abbott was acting within the scope of his employment as a postal employee of the Government, the action was removed from the state court to the United States District Court for the Southern District of Iowa. Shortly thereafter, the United States was substituted as party defendant for Abbott.

On February 24, 1970 the district court, pursuant to Rule 12, Fed.R.Civ.P., dismissed the action against the United States on the ground that under 28 U.S.C. § 2675(a), as amended in 1966 by Pub.L. 89-506, § 2, 80 Stat. 306, the filing of an administrative claim is a prerequisite to maintaining a civil action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq. This appeal is taken from that order of dismissal.[2]

Appellant, although conceding her claim had not been processed through administrative channels, contends that the district court erred in dismissing the action, because it was not brought against the United States, but was commenced in a state court against Abbott in his individual capacity. It is urged that the 1966 amendment to the Tort Claims Act, requiring the exhaustion of the statutory administrative remedies prior to initiation of court action on a claim, only obtains where recovery is originally sought against the Government and does not apply where the suit is initially commenced against an individual in a state court.

The clear and unambiguous language of the Federal Tort Claims Act, and the legislative history accompanying the Act and the 1966 amendment thereto, compel us to reject appellant's contentions.

First, there can be no question but that the filing of an administrative claim is an absolute prerequisite to maintaining a civil action against the Government for damages arising from a tortious occurrence due to the negligence of a federal employee. Peterson v. United States, 428 F.2d 368 (8th Cir. 1970); Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9th Cir. 1969, as amended January, 1970). The language of section 2675(a), Title 28 U.S.C., as amended, is clear, unambiguous, and phrased in mandatory terms:

"(a) An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting

1. Although not material to the specific issue on this appeal, we note that the vehicle operated by Abbott at the time of the accident was painted and lettered in the traditional manner of United States Post Office vehicles, so as to make it evident that it was a truck either owned by or under the control of the Government.

2. The action brought against Abbott in the state court was joined with appellant's claims against Martin, Postal Leasing, Inc. and Macheal Oil Company. When the Government removed the case against Abbott to the federal district court, the entire action was removed. On May 4, 1970 the district court entered a summary judgment against appellant in the suit against Postal Leasing, Inc. on the ground that the action as to that defendant was barred by the Iowa statute of limitations. A separate appeal (No. 20494) from that order is now pending in our court.

within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing * * *." [3]

The federal regulation implementing the procedure for an administrative claim under the Tort Claims Act, 28 C.F.R. § 14.2, provides that a claim shall be deemed to have been presented when the federal agency receives from the injured party written notification of the incident accompanied by a claim for money damages. The mere filing of a suit does not meet the requirement of § 2675(a) of first presenting a claim to the appropriate federal agency. Gunstream v. United States, 307 F.Supp. 366 (C.D.Cal.1969). As we recently held in Peterson v. United States, supra, as a corollary to the sovereign immunity doctrine, the United States has the right to define the conditions under which it will consent to be sued. Honda v. Clark, 386 U.S. 484, 501, 87 S.Ct. 1188, 18 L.Ed.2d 244 (1967).

The only question then is whether a claimant will be allowed to circumvent the prerequisite of pursuing his administrative remedies merely by commencing an action in a state court against the individual employee, instead of proceeding initially against the government. We think that the purpose of the 1966

amendment to the Act establishing a statutory scheme for initial agency consideration of tort claims on which the United States will be obligated to pay monetary damages cannot be so easily defeated.[4]

Section 2679(b), Title 28 U.S.C., (known as the Federal Drivers Act) makes the remedy against the United States provided for by 28 U.S.C. §§ 1346(b) and 2672 for claims arising from the operation of motor vehicles by Government employees *"exclusive of any other civil action* or proceeding by reason of the same subject matter *against the employee* or his estate whose act or omission gave rise to the claim." (Emphasis added.) As the legislative history of this section indicates, and as many courts have recognized,[5] the purpose of this provision was to protect Government drivers from personal liability on claims resulting from vehicular accidents occurring within the scope of their employment. The exclusiveness of the remedy precludes the pursuance of an action against the individual driver to final adjudication, where it is established that the driver was acting within the scope of his employment. Whealton v. United States, 271 F.Supp. 770 (E.D. Va.1967); Reynaud v. United States, 259 F.Supp. 945 (W.D.Mo.1966); Lipinski v. Bartko, 237 F.Supp. 688 (W.D. Pa.1965); Santoro v. United States, 229

---

3. Also, 28 U.S.C. § 2401(b), as amended July 18, 1966, Pub.L. 89–506, § 7, 80 Stat. 307 provides:

   "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."

4. While it is contended that the exhaustion of administrative remedies requirement should not apply, because this suit was instituted against the individual employee and not the Government, at oral argument, appellant's counsel conceded that if this matter were allowed to pro-

ceed to a final judgment against the individual, he would expect to receive satisfaction for any award of monetary damages from the United States Government.

5. See H.R.Rep.No.297, 87th Cong., 1st Sess.; S.Rep.No.736, 87th Cong., 1st Sess; 107 Cong.Rec. 18,499–500, 87th Cong., 1st Sess., U.S.Code Cong. & Admin.News 1961, p. 2784; Carr v. United States, 422 F.2d 1007 (4th Cir. 1970); Van Houten v. Ralls, 411 F.2d 940 (9th Cir.), cert. denied, 396 U.S. 962, 90 S.Ct. 436, 24 L.Ed.2d 426 (1969); Noga v. United States, 411 F.2d 943 (9th Cir.), cert. denied, 396 U.S. 841, 90 S.Ct. 104, 24 L.Ed.2d 92 (1969); Vantrease v. United States, 400 F.2d 853 (6th Cir. 1968). See generally Annot. 16 A.L.R. 3d 1394, 1402 (1967).

F.Supp. 707 (N.D.Ill.1964); Perez v. United States, 218 F.Supp. 571 (S.D. N.Y.1963); Gustafson v. Peck, 216 F. Supp. 370 (N.D.Iowa 1963). See generally 16 A.L.R.3d 1394, 1402–1404 Cf. Uptagrafft v. United States, 315 F.2d 200, 202 n. 1 (4th Cir.), cert. denied, 375 U.S. 818, 84 S.Ct. 54, 11 L.Ed.2d 52 (1963); Van Houten v. Ralls, supra; Noga v. United States, supra. Moreover, as was recognized in Driggers v. United States, 309 F.Supp. 1377 (D.S.C. 1970), where the court was presented with a contention identical to that made here, when Congress enacted the 1966 amendment to the Tort Claims Act providing for increased agency consideration of tort claims and requiring the exhaustion of administrative remedies prior to suit, the "exclusive remedy" provision of the Act, § 2679(b), was also amended to include the administrative remedy of 28 U.S.C. § 2672 within that provision instead of the formerly referred to remedy "by suit." See S.Rep. No.1327, 89th Cong., 2nd Sess., U.S.Code Cong. & Admin.News 1966, pp. 2515, 2521, 2522. The court in *Driggers* concluded that if effect is to be given to the inclusion of this reference to the administrative remedy in the amended Government drivers subsection, the requirement that a claim first be acted upon by the appropriate administrative agency must obtain where the suit is filed against the individual employee.

While we agree with the interpretation placed upon the amendment by the court in *Driggers,* supra, we are convinced that § 2679 by its own terms required that appellant exhaust her administrative remedy prior to the maintenance of a court action. Where an action is initially commenced in a state court against the individual driver, as was done here, effectuation of the exclu-

sive remedy provision of § 2679(b) is accomplished under subsection (d) of that statute. Section 2679(d), adopted in 1961 along with § 2679(b), Pub.L. 87–258, § 1, 75 Stat. 539, provides that upon certification by the United States Attorney that the driver was acting within the scope of his employment, as an employee of the Government, the cause shall be removed to the appropriate federal district court and *"the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto."* (Emphasis added.) In view of this plain language, appellant's claim, which concededly had its origin in the negligence of a Government employee who was acting within the scope of his employment, could not be removed from the ambit of 28 U.S.C. § 2671 et seq., (Federal Tort Claims Act), and particularly the exhaustion requirement of § 2675(a), by the filing of a suit against the employee in a state court.[6]

In summary, we conclude that the action was properly dismissed by the district court as premature due to the failure of appellant to meet the exhaustion requirements of § 2675(a). To hold otherwise would afford a claimant the choice of either pursuing administrative remedies or of filing suit against the individual employee. Congressional intent in enacting the requirement of exhaustion of administrative remedies, as evidenced by the legislative history of the 1966 amendment, was to improve and expedite disposition of monetary claims against the Government by establishing a system for prelitigation settlement, to enable consideration of claims by the agency having the best information concerning the incident, and to ease court congestion and avoid unnecessary litigation. S.Rep.1327, 89th Cong., 2nd Sess.,

---

6. Appellant relies almost completely on Whistler v. United States, 252 F.Supp. 913 (N.D.Ind.1966) which held that exhaustion of administrative remedies was not a prerequisite to suit on a tort claim. However, that case was decided prior to the effective date of the 1966 amendment of 28 U.S.C. § 2675(a) and on the basis of the prior statute, which did not require prelitigation presentation of a tort claim to an administrative agency.

U.S.Code Cong. & Admin.News 1966, p. 2515. Experience and common knowledge teaches that tort claims against the Government under the Federal Tort Claims Act emanate from the tortious conduct of one or more Government employees, and if, as appellant urges, a claimant could forego agency consideration of a tort claim by the simple expedient of initiating an action against the individual employee in a state court, the effect which the amendment was intended to accomplish would be completely frustrated.

Affirmed.