**BEST BEARINGS CO., an Illinois Corporation, Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 71-1205.**

United States Court of Appeals, Seventh Circuit.

Argued April 18, 1972.

Decided June 15, 1972.

Albert Brooks Friedman, Chicago, Ill., for plaintiff-appellant.

James R. Thompson, U. S. Atty., John Peter Lulinski, Lawrence J. Cohen, Asst. U. S. Attys., Chicago, Ill., for defendant-appellee.

Before DUFFY and MURRAH,* Senior Circuit Judges, and JUERGENS,** District Judge.

JUERGENS, District Judge.

Plaintiff-appellant (plaintiff) appeals from an order of the United States District Court for the Northern District of Illinois, dismissing plaintiff's complaint which, after amendments, purportedly alleged a cause of action under the Federal Tort Claims Act, 28 U.S.C. 1346(b).

In its complaint, as amended, plaintiff alleged that during the months of April through September, 1966, it purchased ball bearings from a company for $11,170.42; that on November 2, 3, 4, 29 and December 14 of 1966, special agents of the Federal Bureau of Investigation took the bearings and other items which were not returned, and on September 10 and 14, 1969, plaintiff made demand upon the defendant for return of the bearings and defendant refused.

The United States (defendant) moved to dismiss for the reasons that the court lacked jurisdiction; that the complaint failed to state a claim upon which relief might be granted; and that plaintiff failed to comply with the provisions of 28 U.S.C. 2675(a). The district court dismissed the complaint pursuant to defendant's motion.

Plaintiff states that it had no objection to the agents of the F.B.I. taking the ball bearings and other properties originally, inasmuch as it considered that they were being held as evidence,

---

* Senior Circuit Judge Alfred P. Murrah of the Tenth Circuit is sitting by designation.

** Chief District Judge William G. Juergens of the Eastern District of Illinois is sitting by designation.

but when the limitation period for bringing a criminal action expired, it then tried to find out the situation as concerned the properties which had been taken and learned that the properties had been turned over to the consignee of the shipment; that it then made demand on the government for return of the properties.

■ In 1966, § 2675(a), Title 28 U. S.C., was amended and now provides that an administrative claim is a prerequisite to filing or maintaining a civil action under the Federal Tort Claims Act.

■ It is axiomatic that the United States can be sued only with its consent and that Congress may specify the terms and conditions of such suits as it authorizes. Requirement for an administrative claim to be filed as a prerequisite under the Federal Tort Claims Act exemplifies one such condition; since the claim must precede the suit, the requirement is jurisdictional and cannot be waived. In this respect the requirement is not unlike the two year limitation period contained in 28 U.S.C. § 2401(b). This limitation has been held many times to be a jurisdictional requirement, one not capable of a waiver or subject to an estoppel. Powers v. United States, 390 F.2d 602 (9 Cir. 1968); Driggers v. United States, 309 F.Supp. 1377 (D.C.D.S.C.1970).

■■ The filing of an administrative claim is an absolute prerequisite to maintaining a civil action against the government for damages arising from a tortious occurrence due to the negligence of a federal employee. The language of § 2675(a), Title 28 U.S.C., as amended, is clear and unambiguous and phrased in mandatory terms. The federal regulation implementing the procedure for an administrative claim under the Tort Claims Act provides that a claim shall be deemed to have been presented when the federal agency receives from the injured party written notification of the incident, accompanied by a claim for money damages. The mere filing of a

suit does not meet the requirement of § 2675(a) of first presenting a claim to the appropriate federal agency. Peterson v. United States, 428 F.2d 368 (8 Cir. 1970). Meeker v. United States, 435 F.2d 1219 (8 Cir. 1970).

Plaintiff states that it inquired of the F.B.I. and United States Attorney's office concerning the disposition of the properties, but that these inquiries were of no avail; that plaintiff then assumed the property was improperly taken from it and improperly given to Eastern Express Company (the consignee); that up until that point, a bailment existed between the government and plaintiff for the benefit of the bailee; that at the point of request for the return of plaintiff's property on September 10 and October 14, 1969, and the government's refusal to do so, the government committed the tort of conversion and was, therefore, liable; and that the letter of the F.B.I., stating said matter was in the hands of its attorney, the United States Attorney, coupled with the United States Attorney's refusal to even speak about the matter, amounted to sufficient refusal and denial of plaintiff's claim by the agency involved and left no other route open to plaintiff except to seek redress in this court.

■ The request for return of the bearings was not presentation of plaintiff's claim to the government agency as required by § 2675(a), Title 28 U.S.C., which is prerequisite to filing a suit under the Act.

Plaintiff's complaint and the accompanying documents fail to establish that plaintiff pursued the administrative procedure prerequisite to bringing this suit by virtue of Title 28 U.S.C. § 2675.

The district court properly dismissed the claim for plaintiff's failure to comply with the provisions of § 2675(a).

The district judge correctly dismissed the complaint. The judgment appealed from is affirmed.

Affirmed.