Doyle FULLER, Plaintiff,

v.

Margie DANIEL, Defendant.

Civ. A. No. 77–L–0921–NE.

United States District Court,
N. D. Alabama,
Northeastern Division.

Oct. 28, 1977.

Miles T. Powell, Decatur, Ala., for plaintiff.

J. R. Brooks, U. S. Atty., Ann C. Robertson, Asst. U. S. Atty., Birmingham, Ala., and Carl H. Harper and J. Diane Everett, Dept. of HEW, Atlanta, Ga., for defendant.

MEMORANDUM OPINION

LYNNE, Senior District Judge.

Plaintiff, Doyle Fuller, initiated this action in state court against the individual defendant Margie Daniel, seeking damages for personal injuries proximately resulting from defendant's negligent operation of a motor vehicle. Apparently, at the time plaintiff brought suit, he was not aware that defendant was an employee of the United States. Thereafter, the United States Attorney removed the case to federal court, certifying under 28 U.S.C. § 2679 (1976) that defendant was acting within the scope of her employment as an employee of

the United States at the time of the incident.

The United States has moved that it be substituted as defendant and that the cause be dismissed for lack of jurisdiction because plaintiff has not exhausted administrative remedies. Both motions are due to be granted.

■ The Court is of the opinion that the United States should be substituted as defendant. In petitioning for removal of this case from state court to federal court, the United States Attorney certified that the defendant Margie Daniel was acting as an employee of the United States at the time of the occurrence which is the basis of this action. Plaintiff has not controverted the fact of defendant Daniel's agency. Therefore, this proceeding is deemed a tort action against the United States in accordance with 28 U.S.C. § 2679(d) (1976).[1] The remedy afforded by the Federal Tort Claims Act is exclusive of any other proceeding against the employee, 28 U.S.C. § 2679(b) (1976),[2] and the United States should be substituted as the real party in interest. Fed.R.Civ.P. 17(a).

■ The foregoing circumstances present a question which is of first impression in this Court: whether, following substitution of the United States as defendant, the requirement of filing an administration claim is a prerequisite to federal jurisdiction. The United States' motion to dismiss for lack of jurisdiction presents an anomalous situation. The United States has invoked this Court's jurisdiction by removing the action from state court; now the United States asserts that this Court does not have jurisdiction because plaintiff has not exhausted administrative remedies.

The Court has serious doubts about the fairness of this procedure. Where a plaintiff files suit against an individual, having no knowledge that the individual is an employee of the United States, it is manifestly unjust to dismiss the claim for failure of the plaintiff to exhaust administrative remedies. Until the United States Attorney petitioned to remove the case to federal court, this plaintiff apparently had no reason to suspect that any administrative remedies were available to him.

Nevertheless, the Court is of the opinion that this action must be dismissed for lack of jurisdiction. As discussed above, this cause is deemed a tort action against the United States. Exhaustion of the statutory administrative claim procedure is a prerequisite to suit on the claim. 28 U.S.C. § 2675(a) (Supp. 1977).[3] Courts have uni-

1. 28 U.S.C. § 2679(d) (1976) provides that:
    Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto. Should a United States district court determine on a hearing on a motion to remand held before a trial on the merits that the case so removed is one in which a remedy by suit within the meaning of subsection (b) of this section is not available against the United States, the case shall be remanded to the State court.

2. 28 U.S.C. § 2679(b) provides that:
    The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property or personal injury or death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim.

3. 28 U.S.C. § 2675(a) (Supp. 1977) provides that:
    An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of

**930**

formly held that exhaustion is a jurisdictional requirement and cannot be waived. *Best Bearing v. United States*, 463 F.2d 1177 (7th Cir. 1972); *accord Executive Jet Aviation, Inc. v. United States*, 507 F.2d 508 (6th Cir. 1974); *Melo v. United States*, 505 F.2d 1026 (8th Cir. 1974).

Substantial authority demonstrates that the peculiar facts of the instant situation do not present an exception to the exhaustion requirements. The leading case is *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970). That court rejected plaintiff's contention that 28 U.S.C. § 2675(a) required exhaustion as a jurisdictional predicate only where suit is originally brought against the government. The court affirmed dismissal of the action despite the fact that plaintiff had brought the suit in state court against an individual defendant. Central to the court's reasoning was the language of 28 U.S.C. § 2679(b) that proceedings against a government driver are "deemed a tort action brought against the United States under the provisions of this title [Tort Claims Act] and all references thereto." 435 F.2d at 1222. The Court interpreted the plain language of the statute to require that such proceedings be deemed a tort action against the government for all purposes of the Tort Claims Act, regardless of whether plaintiff named the United States as a defendant in his complaint. *See also Montalvo v. Graham*, 390 F.Supp. 533 (E.D.Wis.1975); *Smith v. United States*, 328 F.Supp. 1224 (W.D.Tenn.1971).

The facts of *Meeker* are analogous to the case at bar, with one exception. In *Meeker*, the truck driven by defendant was painted and lettered in the traditional manner of Post Office vehicles, so as to make it evident that it was either owned by or under the control of the government. 435 F.2d at 1220, n. 1. In the instant case the government has adduced no evidence that plaintiff had any reason to know at the time she brought suit that Margie Daniel was an employee of the United States.

Basic principles of fairness would suggest that the exhaustion requirement should not be applied where the plaintiff brought suit without knowledge that the defendant was a government employee. However, accepting the *Meeker* holding that the claim is deemed a tort claim against the United States for all purposes, the statute provides no basis for such distinction. Deeming the claim a suit against the government *ab initio* the statute requires exhaustion without exception. The only case directly to address the point held that exhaustion is required even where suit is filed against an individual whose status as a government employee acting in the course of his employment was not clearly known to the plaintiff. *Driggers v. United States*, 309 F.Supp. 1377 (D.S.C.1970). *See also Miller v. United States*, 418 F.Supp. 373 (D.Minn. 1976).

Since it appears that the Court lacks jurisdiction, the action must be dismissed immediately. The Court cannot hold the matter in abeyance pending prosecution of the administrative remedy, because where the Court does not have jurisdiction, it cannot retain jurisdiction.

An appropriate order of dismissal will be separately entered.[4]

the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section. The provisions of this subsection shall not apply to such claims as may be asserted under the Federal Rules of Civil Procedure by third party complaint, cross-claim, or counterclaim.

4. Credit is due to Larry B. Childs, Law Clerk, for the preparation of this opinion in collaboration with the Court.