Bettie C. HARRIS, Plaintiff,

v.

BURRIS CHEMICAL, INC., Willie Thompson and The United States, Defendants.

Civ. A. No. C80–229.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 2, 1980.

Robert S. Windholz, Atlanta, Ga., for plaintiff.

William L. Harper, U. S. Atty., Douglas P. Roberto, Asst. U. S. Atty., Atlanta, Ga., for defendants.

Robert B. Hocutt, Atlanta, Ga., for Willie Thompson and Burris Chemical, Inc.

## ORDER

ROBERT H. HALL, District Judge.

Bettie Harris, the plaintiff, was involved in an automobile accident on February 21, 1979, with a car driven by Mardell Worley and a truck owned by Burris Chemical, Inc., driven by Willie Thompson. On July 23, 1979, Ms. Harris filed a personal injury action in the Superior Court of Fulton County, Georgia, against Mardell Worley, Burris Chemical and Willie Thompson.

Ms. Worley answered the complaint, denying her liability, and asserted a counter-claim against Ms. Harris and a cross-claim against Willie Thompson and Burris Chemical.

On February 8, 1980, the U.S. Attorney removed the case from the state superior court to the United States District Court. On February 14, 1980, the U.S. Attorney moved to have the United States substituted as a defendant and real party in interest. The U.S. Attorney attached the necessary certification that Mardell Worley at the time of the accident was an employee of the U.S. Postal Service and was acting within the scope of her employment. 28 U.S.C. § 2679(d).[1] The court granted the motion

---

1. That section provides, in pertinent part, "Upon a certification by the Attorney General that the defendant employee was acting within the scope of his employment at the time of the

to substitute the United States as a defendant on March 5, 1980.

The United States has now moved to dismiss the action on the ground that the court lacks subject matter jurisdiction of the claim against the United States. The government argues that the Federal Tort Claims Act makes the exhaustion of administrative remedies a jurisdictional prerequisite to suit against the United States.[2] The government admits that Ms. Harris may not have known at the time of her suit that Ms. Worley was acting within the scope of her employment with the Postal Service. The government contends, nevertheless, that Ms. Harris' suit should be dismissed. The government cites as support for its position *Driggers v. United States,* 309 F.Supp. 1377 (D.S.C.1970); *Meeker v. United States,* 435 F.2d 1219 (8th Cir. 1970); *Best Bearings Co. v. United States,* 463 F.2d 1177 (7th Cir. 1972); *Bialowas v. United States,* 443 F.2d 1047 (3d Cir. 1971); and *Fuller v. Daniel,* 438 F.Supp. 928 (N.D.Ala. 1977).

The plaintiff contends that she is foreclosed altogether from litigating her claim at this time if the motion to dismiss is granted.[3] Ms. Harris also argues that a close reading of the legislative history of the 1966 amendments to 28 U.S.C. §§ 2675(a) and 2679(b)[4] demonstrates that the requirement of exhaustion of administrative remedies does not apply to suits initiated against private parties in state court and removed to federal court by the United States under 28 U.S.C. § 2679(d). She cites *Kelley v. United States,* 568 F.2d 259 (2d Cir. 1978), *cert. denied,* 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124, as authority for her position.

The issue presented by this case in the court's view is whether a suit, growing out of an automobile accident, which is brought in state court against a private party but is removed to federal district court and in which the United States is substituted for the private party, should be dismissed for the plaintiff's failure to exhaust administrative remedies.[5]

incident out of which the suit arose, any such civil action or proceeding commenced in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place wherein it is pending and the proceedings deemed a tort action brought against the United States under the provisions of this title and all references thereto."

2. 28 U.S.C. § 2675(a) provides, in pertinent part, "An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section."

3. The court does not understand this argument. Even if the action against the United States were dismissed, Ms. Harris has two years from the date of her accident (February 21, 1979) to present her claim to the Postal Service. 28

U.S.C. § 2401(b). If the Postal Service were to fail to act on her claim within six months or were to deny her claim, Ms. Harris could then sue the United States. If the court dismisses the suit against the United States, then the action against Burris Chemical and Thompson would be remanded to Fulton Superior Court.

4. 28 U.S.C. § 2679(b) makes an administrative claim or an action against the United States the exclusive remedy for injury or damage from automobile accidents involving government employees on government business. It provides, "The remedy by suit against the United States as provided by section 1346(b) of this title for damage to property or for personal injury, including death, resulting from the operation by any employee of the Government of any motor vehicle while acting within the scope of his office or employment, shall hereafter be exclusive of any other civil action or proceeding by reason of the same subject matter against the employee or his estate whose act or omission gave rise to the claim."

5. Under this formulation of the issue, several of the cases cited by the government are not on point. *Best Bearings Co. v. United States,* 463 F.2d 1177 (7th Cir. 1972), did not involve an automobile accident but alleged conversion of ball bearings by FBI agents. The suit was brought originally in federal district court so

Of the cases cited by the government, only *Driggers v. United States*, 309 F.Supp. 1377 (D.S.C.1970), *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970), and *Fuller v. Daniel*, 438 F.Supp. 928 (N.D.Ala.1977) are arguably on point. In *Driggers* and *Meeker*, the courts held that filing an administrative claim was an absolute jurisdictional prerequisite even when the suit was initiated in state court and removed to federal district court at the instance of the United States. However, in those cases, each of the plaintiffs either knew or should have known at the time of filing suit that a government employee acting within the scope of his employment was involved in the accident. In *Driggers*, the plaintiffs prior to filing suit had been contacted by the General Services Administration with a claim for damages for the car driven by the government employee. In *Meeker*, the circuit court noted that the vehicle driven by the government employee and involved in the accident was "painted and lettered in the traditional manner of United States Post Office vehicles, so as to make it evident that it was a truck either owned by or under the control of the government." 435 F.2d at 1220, n.1. This knowledge should have triggered the filing of an administrative claim.

The only case cited by the government, where the record indicated that the plaintiff had no way of knowing that the defendant was a federal employee acting within the scope of her employment at the time of her accident, was *Fuller v. Daniel*, 438 F.Supp. at 930. That case had been filed in state court against a private party and then removed by the United States to federal district court. The court reluctantly dismissed the case for lack of subject matter jurisdiction, citing *Meeker* and *Driggers*.

At the time of the decision in *Fuller*, the district court did not have the benefit of *Kelley v. United States*, 568 F.2d 259 (2d Cir. 1978). In *Kelley*, the plaintiff was involved in an accident with a car owned and operated by Francis Hunt, a Department of Agriculture employee who was on government business. Six months later, the plaintiff sued Hunt and Semko, driver of another car involved in the same accident, in state court. Hunt's insurer answered the complaint and cross-claimed against Semko. Almost a year later, Hunt's employment was specifically placed on the record during the taking of his deposition. Eight months later, the United States removed the action and moved for substitution of the United States as a defendant. The government then moved to dismiss on the ground that the plaintiff had never filed an administrative claim under 28 U.S.C. § 2675. After thoroughly canvassing the history of Sections 2675 and 2679, the court concluded that Section 2675 is inapplicable to a suit brought in state court and removed to federal court under Section 2679. The court noted that the complaint notified the United States of the claim against it and was brought within two years.

The holding in *Kelley* can be read to apply to all cases brought in state court against an individual and removed to federal court where the United States is substituted as a party defendant under Section 2679. Such a broad rule might permit a plaintiff who knows of the defendant's federal employment to avoid filing an administrative claim by suing in state court. Arguably, Kelley should have known of Hunt's employment since prior to filing suit she was interviewed about the accident by an agent from the Office of the Inspector General of the Department of Agriculture.

the removal provisions, 28 U.S.C. § 2679(d), were not at issue.

*Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971), involved the plaintiff's collision with a mail truck. The plaintiff filed a claim form with the Postal Service and brought suit against the United States under the Federal Tort Claims Act in federal district court. The circuit court upheld dismissal of the suit on the ground that plaintiff's claim form was inadequate and failed to comply with federal regulations. The case is not one which was brought originally in state court against a private party who later turned out to be a federal employee acting within the scope of his employment at the time of the accident.

The court finds that in a case in which the plaintiff prior to filing suit knew or had reason to know that the driver was (1) a federal employee (2) acting within the scope of his employment at the time of the accident, the requirement of Section 2675 applies. The plaintiff is required to seek administrative remedies; filing in state court is not a means of avoiding this requirement. Where the driver of a motor vehicle is sued individually in state court because the plaintiff did not know and had no reason to know that the defendant was (1) a federal employee (2) on federal business at the time of the accident and the United States subsequently removes the action to federal court under Section 2679, no exhaustion of administrative remedies is required.

This formulation of the rule fits the congressional purpose more closely than the Second Circuit's broader rule. An injured person fails to file a claim with a federal agency and brings suit in state court either because he is aware of the involvement of a federal employee but does not know the requirements of the Federal Tort Claims Act or because he is unaware of the facts which would trigger the requirement of filing a claim with a federal agency. Ignorance of the law which results in filing a state court action should not be allowed to thwart the congressional intent of requiring the filing of administrative claims. On the other hand, nothing in the removal provisions indicates that Congress intended that a person, who innocently files suit in state court because he is unaware of the facts which would indicate that the requirements of the Tort Claims Act must be met, should suffer the extreme penalty of having his suit dismissed.

Nothing in the record indicates that prior to filing her state court action, the plaintiff knew or should have known of the federal aspect of this case. The motion to dismiss of the United States is, therefore, DENIED.