Rita GONZALES, Plaintiff,

v.

UNITED STATES POSTAL SERVICE, Eugene S. Thomas, Defendants.

No. C 82–2188 SAW.

United States District Court, N. D. California.

July 14, 1982.

---

Les N. Harrison, Oakland, Cal., for plaintiff.

Joseph P. Russoniello, U. S. Atty., Patricia J. Glynn, Sp. Asst. U. S. Atty., San Francisco, Cal., for defendants.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

WEIGEL, District Judge.

Plaintiff filed this personal injury action in the Superior Court of California, City and County of San Francisco, for damages allegedly suffered as a result of a motor vehicle accident with a postal carrier truck on May 5, 1978. Plaintiff named both the driver of the truck and the United States Postal Service (Postal Service) as defendants. Plaintiff alleged (1) that the driver was the agent and employee of the Postal Service and was acting within the course and scope of such agency at the time of the accident, (2) that the Postal Service was the owner of the truck, and (3) that, on August 8, 1978, plaintiff had presented to the Postal Service a claim for injuries and damages allegedly suffered in the accident, which claim had been denied. Personal service of the complaint was not made on the Postal Service until April 3, 1981.

On May 11, 1982, defendants filed a petition for removal, pursuant to the Federal Drivers Liability Act, 28 U.S.C. § 2679(b), as an action for damages against a federal employee acting within the scope of his employment for an agency of the United States. Upon certification by the Attorney General, the action was removed to this Court and is now "deemed a tort action brought against the United States under the provisions of [the Federal Tort Claims Act]." 28 U.S.C. § 2679(d). The defendants move to dismiss the action for lack of jurisdiction, based upon plaintiff's failure to file a complete administrative claim with the Postal Service, as required by the Federal Tort Claims Act, 28 U.S.C. § 2675(a).

Under the Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, the filing of an administrative claim is a prerequisite to

maintaining a civil action against the government for damages arising from a tortious occurrence due to the negligence of a federal employee. 28 U.S.C. § 2675(a). The federal regulation implementing the procedure for an administrative claim under the Federal Tort Claims Act, 28 C.F.R. § 14.2, provides that a claim shall be deemed to have been presented when the agency receives written notification of the incident accompanied by a claim for money damages in a sum certain. A claim is fatally defective where it is not made for a sum certain. *Avril v. United States*, 461 F.2d 1090 (9th Cir. 1972); *Caton v. United States*, 495 F.2d 635 (9th Cir. 1974). This administrative claim requirement is jurisdictional in nature and cannot be waived. *Blain v. United States*, 552 F.2d 289 (9th Cir. 1977). Moreover, the Federal Drivers Liability Act, which is part of the Federal Tort Claims Act, provides that the remedy against the United States provided by section 2672 of the Federal Tort Claims Act is *"exclusive of any other civil action or proceeding* by reason of the same subject matter against the employee ... whose act or omission gave rise to the claim." 28 U.S.C. § 2679(b) (emphasis added). Thus, the same administrative claim procedures must be followed when a claimant is injured by a government driver who is properly certified to have been acting in the course of his employment at the time of the incident. *See, Driggers v. United States*, 309 F.Supp. 1377 (D.S.C.1970); *Meeker v. United States*, 435 F.2d 1219 (8th Cir. 1970); *Harris v. Burris Chemical, Inc.*, 490 F.Supp. 968 (N.D. Ga.1980); *Dunaville v. Carnago*, 485 F.Supp. 545 (S.D. Ohio 1980).

■ In this case, plaintiff filed an administrative claim with the Postal Service in which she indicated that the amount of damages for property and personal injuries was unknown at the time. She did not submit additional information or update her claim, once the amount of damages was ascertained, within the two-year statutory limit. *See* 28 U.S.C. § 2401(b). Thus, under *Avril, supra,* and *Caton, supra,* this Court must dismiss the action for failure to file the agency claim in a sum certain.

■ Plaintiff seeks to avoid this result by urging that this case is different because the filing of a state court action obviates the need to file a proper administrative claim. Plaintiff relies on *Kelley v. United States*, 568 F.2d 259 (2d Cir. 1979), which held that an action could be maintained in federal court after removal from state court although plaintiff had not presented a claim to the federal agency within two years.

Plaintiff's argument must be rejected for several reasons. First, *Kelley* involved a case where the plaintiff sued only the individual driver, and not the federal employer-agency, in state court. No administrative claim was filed because the fact of the driver's federal employment was not even made a part of the record for nearly one year. It was another eight months before the action was removed and the United States was substituted as a defendant. The holding rested largely on the inequity of requiring an administrative filing where the plaintiff did not know that the driver was a federal employee. Such is not the situation here, where plaintiff filed an administrative claim at the outset and filed suit against the driver *and* the federal agency nearly one year later. As stated in *Harris, supra*, at 971,

> An injured person fails to file a claim with a federal agency and brings suit in state court either because he is aware of the involvement of a federal employee but does not know the requirements of the Federal Tort Claims Act or because he is unaware of the facts which would trigger the requirement of filing a claim with a federal agency. *Ignorance of the law which results in filing a state court action should not be allowed to thwart the congressional intent of requiring the filing of administrative claims.* (emphasis added)

Second, *Kelley* is contrary to several other cases which have held that a plaintiff is required to exhaust her administrative remedies pursuant to the Federal Tort Claims Act, even where the original action is

brought in state court and subsequently removed to federal court. *Driggers, supra; Meeker, supra; Harris, supra; Dunaville, supra.* Third, *Kelley* has been limited, by at least one court, to the case where the plaintiff did not know and had no reason to know that the defendant was a federal employee on federal business at the time of the accident. *Harris, supra.* Finally, the soundness of *Kelley* has been expressly questioned. *Wollman v. Gross,* 637 F.2d 544, 549 and n.5 (8th Cir. 1980).

Had plaintiff initiated this action in federal, rather than state court, at the outset, this Court would have had to dismiss the action for failure to file a proper administrative claim with the Postal Service. The action cannot now be saved by virtue of plaintiff's second error of bringing the suit in state court. Accordingly,

IT IS HEREBY ORDERED that this action be dismissed with prejudice.