Morris COOLEY, et al., Plaintiffs,

v.

U.S. DEPT. OF HOUSING & URBAN DEVELOPMENT, et al., Defendants.

No. 87 C 8019.

United States District Court, N.D. Illinois, E.D.

March 3, 1988.

Morris Cooley, pro se.

Leona Cooley, pro se.

Anton R. Valukas, U.S. Atty. by Ann L. Wallace, Asst. U.S. Atty., Chicago, Ill., for U.S. Dept. of Housing & Urban Development.

Christopher, White & Associates, Chicago, Ill., for defendants Barnes and Christopher.

### ORDER

BUA, District Judge.

This matter concerns defendants' objections to Magistrate Rosemond's October 20, 1987 Report and Recommendation that a temporary restraining order be granted preventing certain defendants from evicting plaintiffs from their home. Because this court lacks subject matter jurisdiction to hear plaintiffs' claims, the Magistrate's Report and Recommendation is rejected, and plaintiffs' complaint is dismissed.

Plaintiffs' first complaint in this case was dismissed on September 21, 1987 for lack of subject matter jurisdiction. The original complaint, filed *pro se,* alleged that defendants Mozell Barnes and Louis Christopher, Jr., conspired to wrongfully deprive plaintiffs of certain property interests which plaintiffs maintained in their family home. Because no federal question was raised by the complaint and diversity did not exist, the complaint was dismissed. Subsequently, in an attempt to cure this jurisdictional deficiency, plaintiffs added the United States Department of Housing and Urban Development ("HUD") and the HUD officers as defendants alleging that HUD, through its officers, took part in the conspiracy to wrongfully deprive plaintiffs of their home.

■ Plaintiffs assert that because HUD is an agency of the United States, subject matter jurisdiction is provided by the Federal Tort Claims Act, 28 U.S.C. § 1346, and principles of pendent jurisdiction. However, the filing of an administrative claim with HUD is a necessary prerequisite to instituting an action under the Federal Tort Claims Act. *Best Bearings Co. v. United States,* 463 F.2d 1177 (7th Cir.1972); *see also* 28 U.S.C. § 2675(a). The record reveals no evidence that any administrative claim was ever filed by plaintiffs prior to initiating this action. As such, plaintiffs' claims against HUD and HUD officers Gertrude Jordon and Robert Turner are dismissed.

■ Plaintiffs' remaining claims against Barnes and Christopher raise only state law issues and are premised on the doctrine of pendent jurisdiction. Since HUD is no longer a party to this action, and no independent remaining basis for federal jurisdiction remains, plaintiffs' pendent state law claims against Barnes and Christopher must also be dismissed. *See United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966). As previously observed in this court's September 21, 1987 order, the proper forum for plaintiffs' claims against Barnes and Christopher is the Circuit Court of Cook County.

Since this court is without subject matter jurisdiction to hear any of plaintiffs' claims, Magistrate Rosemond's report and recommendation is rejected, and plaintiffs' complaint is dismissed in its entirety.