45 F.3d 432
 75 A.F.T.R.2d 95-648
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Foyce S. WHITNEY, Plaintiff/Appellant,
v.
CHICAGO TRANSIT AUTHORITY and Internal Revenue Service,
Defendants/Appellees.
 No. 93-1277.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 5, 1995.*
Decided Jan. 9, 1995.
 
 Before BAUER, RIPPLE and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Foyce Whitney appeals the district court's dismissal of his suit for lack of subject matter jurisdiction. We affirm.
 
 
 2
 Whitney worked for the Chicago Transit Authority (CTA) and now is retired. He brought suit against the CTA and the Internal Revenue Service (IRS), claiming that (1) they conspired to withhold federal income taxes from his last paycheck; (2) his 1986 wages were improperly included in his 1987 W-2 form, thereby creating a 13 month tax period; (3) his wages were wrongfully levied; and (4) the IRS disallowed deductions he claimed on his tax return. The district court granted the CTA's motion to dismiss, finding that there was no jurisdictional ground for the taxpayer's suit. Similarly, the district court granted the IRS's motion to dismiss, finding that the IRS is not a suable entity and the claim does not fall within the Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 1346(b) and 28 U.S.C. Secs. 2671 et seq.
 
 
 3
 Whitney only appeals his claim that his wages were improperly calculated for tax purposes.[1] Apparently, he believes that as an hourly employee his wages for any given year should be totaled for tax purposes from January 1st to December 31st of the year. Because it operates on a cash basis accounting system, the CTA calculates wages earned according to the date on which they were paid. Therefore, wages earned the last week of December and the first week of January, but paid to the employee in the new year, are considered income for the new year. Whitney argues that this method improperly creates a 13 month tax period.
 
 
 4
 We agree with the district court that it had no jurisdiction to adjudicate Whitney's claim. Whitney asserted that the district court had jurisdiction pursuant to 28 U.S.C. Secs. 1346(b) and 2671 et seq. (the FTCA). The doctrine of sovereign immunity prohibits suits against the United States except in specific instances where the government has consented to be sued. FDIC v. Meyer, 114 S.Ct. 996, 1000 (1994). The FTCA waives the federal government's immunity, but only under certain circumstances. The FTCA only permits claims against the United States, not agencies or individuals. 28 U.S.C. Sec. 2679(a), (b)(1); see Hughes v. United States, 701 F.2d 56, 57 (7th Cir.1982). Therefore the IRS is not an appropriate defendant. Whitney also failed to show that he complied with the administrative exhaustion requirements of the FTCA. 28 U.S.C. Sec. 2675(a); see Best Bearings Co. v. United States, 463 F.2d 1177, 1179 (7th Cir.1972) (administrative exhaustion requirement is jurisdictional bar to suit). Finally, the FTCA specifically provides that it does not apply to suits "arising in respect to the assessment or collection of any tax...." 28 U.S.C. Sec. 2680(c). This is exactly the basis of Whitney's suit.[2]
 
 
 5
 Whitney's claim against the CTA also has no jurisdictional basis. Again, he asserts jurisdiction under the FTCA. Whitney cannot get past the first step: as discussed above, the FTCA permits suit against the United States. There is no provision permitting suit under the FTCA against a taxpayer's employer for withholding taxes wrongfully. See also 26 U.S.C. Sec. 7421 (except for a limited number of exceptions, "no suit for the purpose of restraining the assessment or collection of tax shall be maintained in any court by any person."). Whitney's claim seems to misunderstand the cash basis accounting system employed by the CTA. This form of accounting is sanctioned by the IRS, see 26 U.S.C. Secs. 446 and 451(a), and Whitney's charge of error cannot succeed.
 
 
 6
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 We note that Whitney has brought suit against the CTA and the Internal Revenue Service (IRS) more than once, alleging an improper levy on his wages and disallowance of tax deductions. Whitney v. Secretary of Treasury, No. 84-1847 (N.D.Ill. July 10, 1985). More recently, Whitney sued the CTA for deducting wages pursuant to an IRS notice of levy. Whitney v. Chicago Transit Authority, No. 89 C 8403 (N.D.Ill. Nov. 16, 1989). Any repetition of these claims may be barred by res judicata
 
 
 [2]
 The IRS notes that Whitney might have relied on I.R.C. Sec. 7433 to waive immunity on his allegation of a conspiracy between the CTA and the IRS to collect taxes from him improperly. Section 7433 is the exclusive remedy for recovering damages against the United States for unauthorized tax collection. The taxpayer must allege that an employee or officer of the IRS recklessly or intentionally disregarded a provision of the Internal Revenue Code. Whitney makes no such allegation. This section also limits taxpayers to suits against the United States, not agencies. Whitney has not shown that he has exhausted available administrative remedies as required by this section. Although not invoked by Whitney directly, we agree with the IRS that Whitney's claims find no jurisdictional basis in the Code