**David WARREN, Deceased, by and through Sarah Barnes, his Sister, Plaintiff,**

v.

**Dr. John JOYNER, Dr. Vinod Anand, and Outreach Health Services, Inc., Defendants.**

No. Civ.A. 4:97CV96(L)(N).

United States District Court, S.D. Mississippi, Eastern Division.

Oct. 22, 1997.

Eric A. Tiebauer, Jr., Tiebauer & Roussell, Waynesboro, MS, for Plaintiff.

Carlton W. Reeves, U.S. Attorney's Office, Jackson, MS, Chris J. Walker, Markow, Walker, Reeves & Anderson, Jackson, MS, for Defendants.

## *MEMORANDUM OPINION AND ORDER*

TOM S. LEE, Chief Judge.

This cause is before the court on the motion of defendants Dr. John Joyner and Outreach Health Services, Inc. (Outreach) to substitute the United States of America as defendant and to dismiss the complaint for failure to exhaust administrative claims pursuant to 28 U.S.C. § 1346(b), the Federal Tort Claims Act (FTCA). Plaintiff Sarah Barnes opposes the motion, and the court, having considered the memoranda and the submissions of the parties, concludes that the motion is well taken and should be granted.

On March 1, 1996, Barnes filed in the Circuit Court of Clarke County, Mississippi a complaint against Joyner and Outreach, alleging that Joyner negligently treated plaintiff's decedent, David Warren, as a result of which he died. The complaint further averred that Outreach, as Joyner's employer, was not only vicariously liable for Warren's death, but also was negligent in its supervision of Joyner. On June 17, 1997, plaintiff amended the complaint to include allegations of negligence against defendant Dr. Vinod Anand.

On August 1, 1997, the United States filed a petition for removal, asserting that at the time the alleged tort occurred, Joyner was an employee of Public Health Services and therefore, pursuant to 28 U.S.C. § 233, is entitled to the protection of the FTCA. On that same day, the government filed the present motion. Thereafter, on August 19, 1997, Anand joined the petition for removal.

The government asserts that because Joyner and Outreach have been deemed Public Health Services employees pursuant to 42 U.S.C. § 233(g) and (h), plaintiff's exclusive remedy is against the United States via the Federal Torts Claim Act (FTCA). *See* 42 U.S.C. § 233(a) and (c). From this, the government reasons that because plaintiff has not exhausted her administrative remedies as required by the FTCA, the court lacks jurisdiction and accordingly, her case is subject to dismissal. *See* 28 U.S.C. § 2401(b) ("A tort claim against the United States is forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues"); *Cook v. United States*, 978 F.2d 164, 165–66 (5th Cir.1992) (furnishing notice to appropriate federal agency is a "jurisdictional prerequisite to filing suit under the FTCA"). Having concluded that substitution and dismissal are appropriate, the court will, in turn, address each of plaintiff's arguments.

■ Section 233 of Title 42 of the United States Code allows the United States, under certain circumstances, to consider entities and their employees as employees of the Public Health Services (PHS) and thereby, extend to them the protections of the FTCA. *See Brown v. Health Service, Inc.*, 971 F.Supp. 518, 520 (M.D.Ala.1997). More specifically, § 233(a) states that the FTCA is the exclusive remedy against the United States for medical malpractice committed by a PHS employee acting within the scope of his duties, while § 233(g) provides that an action against the United States is the plaintiff's exclusive remedy for alleged malpractice by a PHS employee. With regard to Barnes' complaint as to the timeliness of the government's removal, § 233(c) permits the Attorney General, upon a certification that the defendant was acting in the scope of his employment as a PHS employee at the time of the incident, to remove an action filed in state court "any time before trial." Accordingly, though the government's delay in removing this case seventeen months after it had been filed in state court is certainly not commendable, it is allowable pursuant to the plain language of the statute.[1]

Plaintiff also submits that the case should be remanded to state court due to the inadequacy of proof that "either of the defendants are in any way connected to the United States or otherwise entitled to any special treatment under the United States Code."[2] Initially, the government supported its assertion that defendants Joyner and Outreach were PHS employees with a certification from United States Attorney for the Southern District of Mississippi Brad Pigott which stated only that "with respect to the matters referred to [in the complaint], defendant, Dr. John Joyner, was acting within the scope of his employment as an employee of the United States at all times mentioned in the complaint." Given that § 233(g) and (h) detail the procedure by which an entity and its employees are deemed by the Secretary to be PHS employees, acceptance of Pigott's original certification would have required the court to draw what was arguably an impermissible inference, that is, that Dr. Joyner was an employee of an entity which had been deemed by the Secretary to be PHS. However, the government has now adduced proof which sufficiently demonstrates that Outreach and Joyner, Outreach's full-time employee, had been deemed by the Secretary to be PHS employees.[3] Therefore, having concluded that the government properly removed the case and having determined that the case is one for personal injury resulting from the performance of medical care, the court denies plaintiff's request to remand the

1. The court notes that subsection (b) of § 233 actually provides a mechanism by which PHS employees are to promptly notify the Attorney General of civil actions or proceedings against them. The statute states:

   The Attorney General shall defend any civil action or proceeding brought in any court against any person referred to in subsection (a) of this section (or his estate) for any such damage or injury. Any such person against whom such civil action ·or proceeding is brought shall deliver within such time after date of service or knowledge of service as determined by the Attorney General, all process served upon him or an attested true copy thereof to his immediate supervisor or to whomever was designated by the Secretary to receive such papers and such person shall promptly furnish copies of the pleading and process therein to the United States attorney for the district embracing the place wherein the proceeding is brought, the Attorney General, and the Secretary.

   Neither defendants Joyner nor Outreach has explained their failure to promptly contact the United States attorney for this district.

2. More specifically plaintiff states:

   The only proof that has been submitted that either of the defendants are in any way connected to the United States government or otherwise entitled to any special treatment under the ·United States Code is their "say so". There has been absolutely no showing that these defendants are "employees" of the United States Government, and therefore the request for substitution, absent some proof that the defendants are entitled to ·some special treatment, should be denied.

3. Specifically, the government presented the declaration of Elisabeth Jordan Gianturco, Chief, Litigation Branch, Division of Business and Administrative Law, Office of General Counsel, Department of Health and Human Services. The declaration provides that "Outreach Health Services, Inc. was deemed eligible for Federal Tort Claims malpractice coverage effective July 1, 1994," and that the official records "indicate that [Joyner] was a full time employee of [Outreach] at all times relevant to the complaint."

case against Outreach and Joyner to state court. *See* 42 U.S.C. § 233(c) and (1).

■ Barnes next argues, citing *Harris v. Burris Chemical, Inc.*, 490 F.Supp. 968 (N.D.Ga.1980), that in the event the FTCA is applicable to the case at bar, because she neither knew nor had reason to know that defendants were federal employees, then the court should waive the administrative prerequisites of the FTCA, thereby negating the need for dismissal. *See* 42 U.S.C. § 233(c) (providing that where case falls within purview of subsection (a), and thus cannot be remanded, "the case shall be dismissed"). In *Harris,* Bettie Harris was injured in a three car collision involving the plaintiff's vehicle, a car driven by Mardell Worley and a truck driven by a Burris Chemical employee. Six days after Harris sued Worley and Burris in state court, the government removed the case to federal court and then moved to have the government substituted as the real party interest based on a certification by the United States Attorney General that Worley was acting within the scope of her employment as a Postal Service employee at the time of the accident. *Id.* After the motion to substitute was granted, the government moved to dismiss the case on the ground that the court lacked subject matter jurisdiction due to the plaintiff's failure to exhaust her administrative remedies pursuant to the FTCA. *Id.* at 969.

Acknowledging that exhaustion of administrative remedies was a jurisdictional prerequisite, the court allowed equitable considerations to enter into its decision to deny the government's motion to dismiss since plaintiff did not know and had no reason to know that Worley was a government employee. *Id.* The court concluded that

nothing in the removal provisions indicates that Congress intended that a person, who innocently files suit in state court because he is unaware of the facts which would indicate that the requirements of the Torts Claims Act must be met, should suffer the extreme penalty of having his suit dismissed.

*Id.* at 971.

While this may have been the case in 1980 when the Harris opinion was rendered, there are now in place provisions which protect plaintiffs who find themselves in situations similar to the case at bar. First, in 1988 Congress added § 2679(d)(5) to the FTCA which provides:

Whenever an action or proceeding in which the United States is substituted as the party defendant under this subsection is dismissed for failure first to present a claim [to the appropriate administrative agency] pursuant to section 2675(a) of this title, such a claim shall be deemed to be timely presented under section 2401(b) of this title if—

(A) the claim would have been timely had it been filed on the date the underlying civil action was commenced, and

(B) the claim is presented to the appropriate Federal agency within 60 days after dismissal of the action.

Additionally, § 233(c) states:

That where such a remedy [remand to state court] is precluded because of the availability of a remedy through proceedings for compensation or other benefits from the United States as provided by any other law [here, the FTCA], the case shall be dismissed, but in the event of the running of any limitation of time for commencing, or filing an application or claim in, such proceedings for compensation or other benefits shall be deemed to have been suspend during the pendency of the civil action or proceeding under this section.

This subsection insures that a plaintiff, like Barnes, though no doubt inconvenienced, will not be prejudiced by her failure to first file an administrative claim with the appropriate federal agency within the two-year time period. As the equitable considerations underlying the court's decision in *Harris* are not present in the case *sub judice,* the court will not follow its holding. *See Jackson v. United States,* 789 F.Supp. 1109 (D.Colo.1992) (refusing to waive filing of administrative claim and stating that "procedures established pursuant to [FTCA] must be strictly construed inasmuch as the Act constitutes a waiver of sovereign immunity"). Therefore, the government's motion to dismiss for lack of sub-

ject matter jurisdiction will be granted.[4] Furthermore, pursuant to 28 U.S.C. § 1367(c), the court declines to exercise supplemental jurisdiction over Barnes' claim against Anand and accordingly, it will be remanded to the Circuit Court of Clarke County, Mississippi.

Based on the foregoing, it is ordered that the government's motions to substitute and dismiss are granted. It is further ordered that the remaining claim against defendant Anand is remanded to the Circuit Court of Clarke County, Mississippi.

---

4. This conclusion is in accord with the Supreme Court's decision in *McNeil v. United States*, 508 U.S. 106, 113 S.Ct. 1980, 124 L.Ed.2d 21 (1993) (stating that "FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies").