**Rebecca BROWN and Estella Walker Bell, as Co–Administratrices of the Estate of Charles Bell, Deceased, Plaintiffs,**

v.

**HEALTH SERVICE, INC., et al., Defendants.**

**Civil Action No. 96–D–1558–N.**

United States District Court, M.D. Alabama, Northern Division.

April 28, 1997.

Jimmy Bryan Pool, Montgomery, AL, Kenneth J. Mendelsohn, Montgomery, AL, for Plaintiffs.

Tabor R. Novak, Jr., Montgomery, AL, Redding Pitt, U.S. Attorney, Leura J. Garrett, Montgomery, AL, for defendants.

*ORDER*

DE MENT, District Judge.

Before the court is Plaintiffs' motion to remand filed October 29, 1996. Plaintiffs renewed this motion on December 20, 1996, and also requested permission to conduct limited discovery in the event that their motion to remand was denied. On December 13, 1996, the United States Attorney for the Middle District of Alabama through the Chief, Civil Division, filed a notice of substitution which substituted the United States for the Defendants named in the Plaintiffs' complaint. This motion for substitution asks the court to substitute the United States for the named original Defendants in this lawsuit: Health Services Inc. ("HSI"), Lister Hill Clinic ("Clinic"), and Dr. Miguel Santiago ("Dr. Santiago"). As a preliminary matter, the court finds that this substitution was proper and that the United States is the only Defendant in this action.

Defendant responded to the original motion to remand on December 13, 1996, and responded to the renewed motion on January 31, 1997. The original Defendants filed a motion to dismiss on October 16, 1996, and the United States in its role as Defendant also filed a motion to dismiss on December 16, 1996. After careful consideration of the arguments of counsel, the relevant case law, and the record as a whole, the court finds that Plaintiffs' motion to remand is due to be denied and Defendant's motion to dismiss is due to be granted.

This lawsuit arises from Charles Bell's ("Bell") visit to HSI's Clinic located in Montgomery, Alabama, on May 3, 1996. According to the complaint, Bell complained of a swollen wrist and was seen by Dr. Santiago. Plaintiff Rebecca Brown accompanied Bell and alleges that she noted Bell's allergy to penicillin on the form provided by the Clinic. Dr. Santiago prescribed Amoxil/Amoxicillin to Bell, and Bell filled the prescription at the Clinic's pharmacy. Later that afternoon, Bell took one of the pills, suffered an allergic reaction, and then died.

Plaintiffs Rebecca Brown and Estella Walker Bell were appointed by the Probate Court of Montgomery County to serve as Co–Administratrices of Bell's estate. In that capacity, Plaintiffs brought this action in the Montgomery County Circuit Court alleging that HSI, the Clinic, and Dr. Santiago acted negligently and wantonly to cause the death of Bell. The Plaintiffs also allege that the original Defendants failed to initiate sufficient institutional controls over the manner of prescribing and filling prescriptions which resulted in Bell's death. In accordance with its decision on the motion to substitute, the court will substitute the United States as the Defendant for each of Plaintiffs' claims.

On October 16, 1996, the original Defendants filed a notice of removal stating that the Plaintiffs' complaint arises under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, *et seq.* and that the court has original jurisdiction of the dispute in this matter. Following its motion for substitution, the Defendant filed an amended notice of removal also claiming that the FTCA covered the claims in this action. The Defendant's notice provided additional detail to support its argument for FTCA coverage. Defendant argues that the original Defendants were covered by the FTCA at the time of Bell's visit by virtue of the federal funding which they received in their role as a community health clinic.

In their original motion to remand the Plaintiffs claim that their action contains only state causes of action based upon medical

malpractice. Additionally, they claim that none of the original Defendants is either a federal agency or a federal employee. They also argue that the original Defendants are not covered by 42 U.S.C. § 233(g) (West Supp.1996) which allows the United States in certain situations to consider entities and their employees as employees of the Public Health Service and are therefore subjects them to the FTCA. Specifically, Plaintiffs argue that the original Defendants produced letters showing a gap in any possible FTCA coverage and that the gap coincided with Bell's death. Further, Plaintiffs argue that the original Defendants had not properly followed the procedures for removing this action to federal court. Plaintiffs contend that the Attorney General of the United States must certify that the original Defendants were acting within the line and scope of their employment at the time of the alleged mishandling of Bell's treatment and that the Attorney General has the duty of filing the notice of removal. Finally, the Plaintiffs argue that if the court finds that this action is an FTCA action, the Plaintiffs' claims should be dismissed without prejudice to allow the Plaintiffs to refile their claims under the FTCA.

Two filings by the United States mooted many of the arguments raised in the Plaintiffs' original motion to remand. An amended notice of removal was filed by the Chief Assistant United States Attorney of the Middle District Civil Division, while the First Assistant United States Attorney for the Middle District contemporaneously certified that the original Defendants were acting within the line and scope of their employment at the time of the alleged events. However, in their renewed motion to remand, the Plaintiffs shifted their focus to an issue only briefly raised in their first motion. In their renewed motion to remand, the Plaintiffs argue that the original Defendants are not qualified recipients of federal funds and are therefore not qualified for protection under the FTCA.

Section 233(g)(1)(A) of Title 42 U.S.C.A. provides that, for appropriate entities, "[t]he remedy against the United States (FTCA)" shall be "exclusive of any other civil action or proceeding." The section describes appropriate grant recipients as entities receiving grants under several sections of 42 U.S.C.A. including community health centers which receive grants under 42 U.S.C. § 254c (West Supp.1996). One of these entities is the community health center which is "an entity which either through its staff and supporting resources" provides various types of health services including "primary health services" to a "medically underserved population." § 254c(a)(2), (b)(2), (b)(3). Medically underserved populations include the "population of an urban or rural area designated by the Secretary as an area with a shortage of personal health services or a population group designated by the Secretary as having a shortage of such services." § 254c(a)(3).

■ In its response to the Plaintiffs' renewed motion to remand, the Defendant provides the declaration of ·Dr. Nathan Stinson, Deputy Director of the Division of Community and Migrant Health, United States Department of Health and Human Services ("HHS"). Dr. Stinson declares in his official capacity as custodian of the division's grant program that HSI was awarded a federal grant under the provisions of § 254c. Stinson Decl. ¶ 3. Specifically, Dr. Stinson explains that HSI applied for and was awarded a grant under the label of "community health center." *Id.* Further, Dr. Stinson declares that HHS "deemed" HSI and its employees as employees of the Federal Government as of October 1, 1993. *Id.* ¶ 4. Dr. Stinson explains that FTCA coverage also flowed from this "deeming" and that said coverage became effective October 1, 1993, and lasted until December 31, 1995. *Id.* Stinson further declares that the Federally Supported Health Centers Assistance Act of 1992 ("Act") was amended in December 1995, so that HSI's FTCA coverage was extended 180 days beyond its current expiration date in order to allow it to consider extension of their coverage. *Id.* ¶ 4. According to the records in Stinson's custody, HSI applied for and was awarded an extension of its FTCA coverage effective June 23, 1996. *Id.*

■ In their reply of February 3, 1997, the Plaintiffs counter Dr. Stinson's declaration with charges that HSI is not qualified

for a grant under any federal program. The Plaintiffs support their charges by citing an NBC News report concerning community health centers entitled "The Fleecing of America." Further, the Plaintiffs argue that HSI overbilled Medicare and Medicaid on behalf of patients covered under these programs while charging lower rates for those patients paying for their own care. The Plaintiffs also attack the policy behind the deeming of entities such as HSI as federal employees. The Plaintiffs argue that the policy behind such deeming violates the Tenth Amendment to the Constitution and runs counter to Congressional intent.

However, the real focus of the Plaintiffs' response is an effort to show that HSI cannot meet the standards required of a community health center. The Plaintiffs argue that the purpose of § 254c is to provide "funds to encourage doctors and health clinics to provide services in rural areas where *all* the members of that community were deprived of access to primary medical care." The Plaintiffs argue that HSI is located in a medically overserved area as evidenced by the density of health providers in the Montgomery area and the aggressive appeals for new patients. The Plaintiffs also argue that HSI's original purpose was to care for the indigents of Montgomery, Alabama, which is a totally different group than the medically underserved.

While the court appreciates the Plaintiffs' zealous efforts to convince the court that HSI does not comply with the requirements of § 254c, such arguments have no impact on this decision. The court will not examine each administrative decision made during the grant and deeming process which ultimately resulted in HSI's FTCA protection. The first step in the entire process is the receipt of funds by an entity from the community health center program. Dr. Stinson's declaration shows that HSI applied and was awarded a grant as a community health center and continues to receive such funds before, during, and after the alleged incident. The next step in the statutory process requires the Department to make a determination that the entity is deemed to be an employee of the Public Health Service. HSI was so deemed in a series of deeming letters provided by Dr. Stinson. However, FTCA protection does not attach to an entity or its employees until the Attorney General certifies that they were acting within the line and scope of their employment at the time of the incident. The Attorney General's authorized representative has provided just such a representation. Therefore, the proper steps have been taken to provide FTCA protection to HSI and its employees including Dr. Santiago.

■ The statute does not provide for judicial review of the individual administrative decisions which culminate in FTCA protection. Instead, the statute provides in clear language that the FTCA "shall be exclusive of any other civil remedy." § 233(a). The Plaintiffs offer no statutory support for their argument that the court should undertake such a review. While they provide several policy arguments in support of their position, the court sees no reason to stray from the clear language of the statute. Therefore, the court finds that HSI and its employees are due protection under the provisions of the FTCA. The court further finds that the Plaintiffs' motion to remand is due to be denied. Additionally, the court finds that the Defendant's motion to dismiss is due to be granted without prejudice and the Plaintiffs may refile this action after they follow the appropriate administrative procedures required by the FTCA.[1] Finally, the court finds no reason to stay dismissal of this action to allow the Plaintiffs additional discovery on the subject of HSI's FTCA status as Dr. Stinson's declaration and accompanying documents conclusively answer all questions in this matter.

Accordingly, it is CONSIDERED and ORDERED that the Plaintiffs' motion to remand be and the same is hereby DENIED. *Id.* It is further CONSIDERED and ORDERED that the Defendant's motion to dismiss be and the same is hereby GRANTED without prejudice to the Plaintiffs refiling

---

1. The court wishes to emphasize that the Plaintiffs shall have the opportunity to refile their claims in accordance with the provisions of the FTCA.

their claims after fulfilling the administrative requirements of the FTCA.