**Zulay RENDON, Individually and as parent and natural guardian of Karina Garcia, a minor,**

v.

**UNITED STATES of America, et al.**

**No. CIV. A. 99–5912.**

United States District Court,
E.D. Pennsylvania.

April 4, 2000.

defendant suffering from a "significantly reduced mental capacity" may warrant a

John J. Speicher, Rhoda, Stoudt, Bradley, Reading, PA, for plaintiff.

James G. Sheehan, Annetta Foster, Givhan, U.S. Attorney's Office, Philadel-

downward departure).

phia, PA, for Philadelphia Health Services, defendant.

Kevin C. Cottone, White & Williams, LLP, Philadelphia, PA, for Episcopal Hosp., defendant.

James L. Moore, Jr., Kent & McBride, P.C., Philadelphia, PA, for Dr. Harshad, K. Patel, LeHigh Avenue Radiology Associates, Inc., defendants.

## MEMORANDUM

LUDWIG, District Judge.

Defendant United States moves to dismiss this action on the ground that it is barred by the Federal Torts Claims Act, 28 U.S.C. § 1346. Fed.R.Civ.P. 12. Before the issue can be reached, it is necessary to decide the propriety of the substitution of the United States as a party defendant. Because the record on that subject is not ready for a ruling, the disposition of the dismissal motion will be deferred.

Plaintiff Zulay Rendon is the parent of Karina Garcia, a minor, whose care by a number of physicians is alleged to have resulted in avascular necrosis. On September 17, 1999 this medical malpractice action was begun in the Common Pleas Court of Philadelphia, and on November 24, 1999 it was removed here by the United States. The removal petition included a general certification that one of the defendants, Philadelphia Health Services, was a covered entity under the Public Health Service Act, as amended by the Federally Supported Health Centers Assistance Act, 42 U.S.C. § 233. It also stated that Philadelphia Health Services was an employee of the United States, but did not set forth that Philadelphia Health Service's medical staff were acting within the scope of their employment at the time of the alleged negligence.

On January 11, 2000 an order was entered substituting the United States for Philadelphia Health Services. On February 11, 2000 plaintiff filed a "Motion for Judicial Review" of the removal certification challenging it because it was based on "a different understanding of the facts than is reflected in the Plaintiff's Complaint." [1] On February 18, 2000 the U.S. Attorney supplemented the removal petition with a certification that the physicians in question were acting within the scope of their governmental employment.

Under the Public Health Service Act, the United States, in certain circumstances, may "deem" entities and their employees to be a part of the Public Health Services (PHS), thereby bringing them within the jurisdiction of the Federal Torts Claims Act (FTCA). 42 U.S.C. § 233. Under § 233, the FTCA is the exclusive remedy for medical malpractice committed by PHS employees acting within the scope of their employment. 42 U.S.C. § 233(a), (g). Once the Secretary for Health and Human Resources makes the requisite determination, it "shall be final and binding upon the Secretary and Attorney General and other parties to any civil action or proceeding." 42 U.S.C. § 233(g)(1)(F). Thereafter, a personal injury action instituted against such an entity or employee in state court is removable upon the certification of the Attorney General "that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose." 42 U.S.C. § 233(c). The action "shall be removed .... to the district court of the United States of the district and division embracing the place where it is pending and the proceeding deemed a tort action brought against the United States under the provisions of Title 28 and all references thereto." *Id.*

■ Insofar as plaintiff challenges the Secretary's decision to "deem" Philadelphia Health Services a PHS entity, such

1. The motion also objected to the decision to deem Philadelphia Health Services a federal entity.

review is foreclosed.[2] The statute itself suggests that this decision is unreviewable. 42 U.S.C. § 233(g). *See Brown v. Health Service, Inc.*, 971 F.Supp. 518, 521 (M.D.Ala.1997) ("The statute does not provide for judicial review of the individual administrative decisions which culminate in FTCA protection"). Once deemed, review of the Secretary's decision is precluded for all parties, including the United States; and the United States, upon suit, must determine whether the incident occurred within the scope of employment. 42 U.S.C. § 233(b), (c).

■ The decision to certify scope of employment, however, is reviewable, albeit narrowly. While there is no reported case construing review of certification under 42 U.S.C. § 233, our Court of Appeals has held such certification decisions are reviewable in the context of the Federal Employees Liability Reform and Tort Compensation Act, which amended the FTCA, 28 U.S.C. §§ 1346(b), 2671–2680. *See Melo v. Hafer*, 912 F.2d 628, 641 (3d Cir.1990) ("There is no reason why Congress would have provided employees with judicial review of the scope of employment certification decisions while denying a similar review of certification decisions to dissatisfied plaintiffs"). *Schrob v. Catterson* delineated the type of review:

> The scope of certification is prima facie evidence that the employee's challenged conduct occurred within the scope of employment, but it is not conclusive. Thus, a plaintiff challenging the certification has the burden of coming forward with specific facts rebutting it. If the facts can be determined without an evidentiary hearing, the court can rule on a pretrial motion to substitute or set aside the substitution based on the certification, pleadings, documentary evidence, and affidavits.

> \*   \*   \*   \*   \*   \*

On the other hand, if there is a genuine issue of fact material to the scope of employment question, the district court should permit discovery and conduct a hearing, if necessary. But the district court should ensure that both the discovery and the hearing are circumscribed as narrowly as possible, although these matters are within its discretion.

967 F.2d 929, 936 (3d Cir.1992).

More recently, the scope of review was further clarified in *Melo II:*

> [T]he Attorney General may file a certification ... whenever he or she concludes that an employee defendant was acting within the scope of his or her employment at the relevant time or times. This may include cases in which the plaintiff alleges conduct which is beyond the scope of defendant's employment, but which the Attorney General determines did not occur.

> The Attorney General's certification should state the basis for his or her conclusion. If this is done, the certification will focus the subsequent proceedings on the motion for substitution and the certification can be given prima facie effect in those proceedings that Congress intended it to have.

> If the Attorney General's certification is based upon a different understanding of the facts than is reflected in the complaint, the plaintiff should be permitted reasonable discovery and should then be called upon to come forward, as if responding to a motion for summary judgment, with competent evidence supporting the facts upon which he would predicate liability, as well as any other facts necessary to support a conclusion that the defendant acted beyond the scope of employment.

*Melo v. Hafer*, 13 F.3d 736, 747 (3d Cir. 1994).

---

**2.** Plaintiff's procedural objection to the removal is untimely being beyond the 30–day period. 28 U.S.C. § 1447(c). However, since the challenge to the certification decision also involves subject matter jurisdiction, the 30–day period is inapplicable. *Id.* (subject matter jurisdiction can be questioned at any time).

In *Melo II,* the facts averred in the complaint, on their face, came within the scope of employment—however, in its certification, the United States determined that those acts did not occur. *Id.* at 740. Here, the certification does not deny the acts pleaded in the complaint, but instead asserts that they occurred within the scope of employment and consequently were subject to the FTCA. The certification is prima facie evidence, but in order to obtain review, plaintiff must show that there is "a genuine issue of fact material to the scope of employment question," *Schrob,* 967 F.2d at 936—*i.e.,* that the certification was based on a different understanding of the facts from what was set forth in the complaint, *Melo II,* 13 F.3d 747. Upon such a showing, plaintiff is entitled to limited discovery and review of the scope of employment certification. *Id.*

Plaintiff's motion stated that the removal certification was based on "a different understanding of the facts than is reflected in the Plaintiff's Complaint." [3] Plaintiff's Motion for Judicial Review at 4, February 11, 2000. However, it offered no specific facts, noting only that the complaint does not allege that Philadelphia Health Services or its employees are federal employees. This does not appear to be enough to rebut the removal certification. Nevertheless, since proper certification was not completely submitted until after plaintiff's motion, plaintiff will be given until May 5, 2000 within which to proffer facts in support of her position. Otherwise, if plaintiff does not do so, her motion will be denied.

**3.** It is doubtful that the original certification was sufficient. The statute requires certification "that the defendant was acting in the scope of his employment at the time of the incident out of which the suit arose." 42 U.S.C. § 233(c).