**Tilden R. WILKINSON, Plaintiff,**

v.

**Richard Evans GRAY, Defendant.**

Civ. A. No. 81-344-N.

United States District Court,
E. D. Virginia,
Norfolk Division.

Sept. 30, 1981.

---

Howard I. Legum, Fine, Fine, Legum & Fine, Norfolk, Va., for plaintiff.

James A. Metcalfe, Asst. U. S. Atty., John Franklin, III, Taylor, Walker & Adams, Norfolk, Va., for defendant.

## OPINION AND ORDER

CLARKE, District Judge.

Plaintiff, Tilden Wilkinson, initiated this action on September 17, 1980, in the Circuit Court of the City of Virginia Beach against the individual defendant Richard Gray. The plaintiff is seeking damages for person-

al injuries resulting from the defendant's alleged negligent operation of a motor vehicle on October 3, 1978. On April 6, 1981, the Assistant United States Attorney removed the case to federal court, certifying under 28 U.S.C. § 2679(d) that the defendant was acting within the scope of his employment as an employee of the United States at the time the accident occurred. Subsequently, on April 30, 1981, the United States filed a motion to be substituted as defendant and to dismiss for lack of jurisdiction based upon the plaintiff's failure to comply with the jurisdictional terms of the Federal Tort Claims Act, which requires, as a prerequisite to commencement of a civil action, the filing of a written claim with the appropriate federal agency within two years of accrual of the cause of action. 28 U.S.C. §§ 2675(a), 2401(b). The plaintiff has opposed that motion, and has filed a Motion to Remand this action to the state court to determine if defendant Gray was acting within the scope of his employment as an employee of the Government at the time of the accident. The parties were heard on their various motions on September 14, 1981. At that hearing, both parties stated to the Court that they had nothing further to present to the Court by way of evidence or argument in support of their respective positions on the motions.

The Court will treat the motion of the United States to dismiss as one for summary judgment, pursuant to Rules 56 and 12(b) of the Federal Rules of Civil Procedure, inasmuch as the parties have submitted matters outside the pleadings, which matters have been considered in ruling upon the motion. There are two questions to be resolved to determine the outcome of the United States Government's motion for summary judgment and the plaintiff's motion for remand:

(1) Whether Richard Gray was a federal employee acting within the scope of his employment at the time of the accident, and

(2) Whether, following substitution of the United States as defendant, the requirement of filing an administra-

tive claim is a prerequisite to federal jurisdiction.

## I. *Scope of Employment*

█ The Federal Tort Claims Act provides that the United States District Courts shall have exclusive jurisdiction of all tort actions in which a federal employee involved in an accident is acting within the scope of his employment at the time of the collision. 28 U.S.C. § 2679(b). In determining whether or not a federal employee's acts are within the scope of his employment, this Court is bound to apply state law. *Williams v. United States*, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761 (1955); *Davies v. United States*, 542 F.2d 1361, 1362 (9th Cir. 1976).

█ The test in Virginia for determining if an act is committed within the scope of employment is "whether the act was done by virtue of the employment and in furtherance of the master's business." *Strohkorb v. United States*, 268 F.Supp. 526, 528 (E.D.Va.1967), aff'd, 393 F.2d 137 (4th Cir. 1968). *See also Manuel v. Cassada*, 190 Va. 906, 59 S.E.2d 47 (1950); *McNeill v. Spindler*, 191 Va. 685, 62 S.E.2d 13 (1950); *Abernathy v. Romaczyk*, 202 Va. 328, 117 S.E.2d 88 (1960). An act is deemed to be within the course of employment if it is fairly and naturally incident to the business and if it is done while the servant was engaged upon the master's business. *See Broaddus v. Standard Drug Co.*, 211 Va. 645, 652–53, 179 S.E.2d 497, 503 (1971); *Davis v. Merrill*, 133 Va. 69, 77, 112 S.E. 628, 630–31 (1922). In *United Brotherhood of Carpenters and Joiners of America, A.F.L.–C.I.O. v. Humphreys*, 203 Va. 781, 786–87, 127 S.E.2d 98, 101–02 (1963), the court held that

> [t]he test of the liability of the principal for the tortious acts of his agent is not whether the tortious act itself is a transaction within the ordinary course of the business of the principal, or within the scope of the agent's authority, but whether the service itself in which the tortious act was done was within the ordinary course of such business or within the

scope of such authority. [Citing authorities.]

█ At the time of the accident, defendant Gray was on active duty in the United States Navy. He was assigned to the U.S.S. MILLER, which was then home ported in Boston, Massachusetts. Gray was supplied with a rental van and directed by his commanding officer to drive to Norfolk for temporary additional duty. Gray's duties in Norfolk consisted of picking up and delivering parts and mail for the ship. Gray was provided a per diem allowance for mileage, food, and lodging. At the time of the accident, Gray was returning from delivering the ship's mail with the intention of eating dinner and going to his hotel room. Given these facts, the Court is of the opinion that Gray was acting within the scope of his employment at the time the accident occurred.

The plaintiff relies on *Strohkorb v. United States*, 268 F.Supp. 526 (E.D.Va.1967), to support his argument that Gray was not acting within the scope of his employment at the time of the accident. However, *Strohkorb* is factually dissimilar to the present case. In *Strohkorb* a duty officer driving his own vehicle, went home for supper. On his return, he collided with the plaintiff. The court found that it was not the defendant's employment "which brought his journey to his home or otherwise created the exposure to the perils of his trip." 268 F.Supp. at 528–29.

Yet, in the present case, Gray traveled to Norfolk for the sole purpose of serving Government business. The Government argues, and we agree, that it was reasonable to expect that Gray would travel for lodging and a place to eat. In fact, Gray was authorized both a mileage per diem and a subsistence allowance for such purposes.

The plaintiff has failed to refute in any way the affidavits and other evidence supporting the claim of the United States that Gray was, at the time of the accident, acting within the scope of his employment. Therefore, this proceeding is deemed a tort action against the United States pursuant to 28 U.S.C. § 2679(d) (1976). Accordingly,

the United States' Motion for Substitution is GRANTED and the plaintiff's Motion to Remand is DENIED.

## II. *Administrative Claim Requirements*

As Gray was a federal employee acting within the scope of his employment at the time of the accident, the plaintiff's exclusive remedy is against the United States under the Federal Tort Claims Act. 28 U.S.C. § 2679(b). Section 2675(a) of the Federal Tort Claims Act provides that no action shall be commenced against the United States unless the claimant first presented the claim to the appropriate federal agency. This administrative claim must be presented "to the appropriate federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). The question presently facing the Court is whether the plaintiff's case must be dismissed for failure to file an administrative claim where the United States is substituted as a party after the two-year statutory period expired.

■ It is well settled that the United States may not be sued without its specific consent and that Congress may specify the terms and conditions of such suits as it authorizes. *United States v. Sherwood*, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058 (1941). Congress created a limited waiver of sovereign immunity in the Federal Tort Claims Act. *United States v. Kubrick*, 444 U.S. 111, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979). The waiver allows suit only on prescribed terms and conditions, the first of which is the filing of an administrative claim. Moreover, the Fourth Circuit Court of Appeals has held that the filing of an administrative claim as a prerequisite to suit is jurisdictional and cannot be waived. *Kielwien v. United States*, 540 F.2d 676, 679 (4th Cir. 1975), *cert. denied*, 429 U.S. 979, 97 S.Ct. 491, 50 L.Ed.2d 588 (1976); *see also House v. Mine Safety Appliances Co.*, 573 F.2d 609, 614 (9th Cir.), *cert. denied*, 439

U.S. 862, 99 S.Ct. 182, 58 L.Ed.2d 171 (1978); *Lunsford v. United States*, 570 F.2d 221, 222 (8th Cir. 1977); *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975); *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir. 1972); *Bialowas v. United States*, 443 F.2d 1047 (3d Cir. 1971); *Griffin v. Lee*, No. 80–708 (E.D.Va. November 25, 1980), *aff'd*, No. 10–1076 (4th Cir. July 27, 1981).

The plaintiff's administrative claim was filed with the Naval Legal Service Office more than two years after the accident occurred. The plaintiff argues, however, that the Government is precluded from asserting this defense because the plaintiff was not aware that Gray was acting within the scope of his employment until the defendant's attorney filed a Motion to Dismiss in the state court after the two-year limitation period of 28 U.S.C. § 2401(b) had expired. In support of this approach, the plaintiff relies on *Kelley v. United States*, 568 F.2d 259 (2d Cir.), *cert. denied*, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978); *Harris v. Burris Chemical, Inc.*, 490 F.Supp. 968 (N.D.Ga.1980).[1] We find this argument unpersuasive. *See Steele v. United States*, 599 F.2d 823 (7th Cir. 1979) (holding action untimely even though the plaintiff was unaware that an agency of the United States was the party allegedly negligent in failing to warn of condition which resulted in plaintiff's injuries); *Lien v. Beehner*, 453 F.Supp. 604 (N.D.N.Y.1978) (holding action untimely even though government employment of tort-feasors was shielded both from the public and the plaintiff); *Baker v. United States*, 341 F.Supp. 494 (D.Md.1972) (action untimely even though plaintiff had no reason to know that conduct of the federal employee tort-feasor was within the scope of employment).

First, there is no basis for a categorical exception to Rule 2401(b) where the plaintiff is not at the outset aware that the defendant was acting within the scope of

---

1. The plaintiff also relies on *United States v. LePatourel*, 593 F.2d 827 (8th Cir. 1979), to support his contention that his failure to file an administrative claim within the statutory period of 2401(b) should not require dismissal of

this action. However, *LePatourel* is inapposite because it really dealt with the retroactive application of 28 U.S.C. §§ 2401(b), 2675 to automobile accidents involving federal judges.

his employment. *Wollman v. Gross*, 484 F.Supp. 598, 604 (D.S.D.), *aff'd*, 637 F.2d 544 (8th Cir. 1980); *Meeker v. United States*, 435 F.2d 1219 (1970); *Reiser v. Di-Pietro*, 78 F.R.D. 541 (N.D.Ill.1978); *Fuller v. Daniel*, 438 F.Supp. 928 (N.D.Ala.1977); *Driggers v. United States*, 309 F.Supp. 1377 (D.S.C.1970). In *Kelley*, the plaintiff was struck by a vehicle owned and operated by an employee of the Department of Agriculture on November 8, 1972. The plaintiff filed suit in May of 1973. The defendant did not refer to his federal employment and it was not placed on the record until March 5, 1974, nearly a year after filing suit. Another eight months passed before the United States removed the action and moved to be substituted as defendant. The court found that the "Government could not lull plaintiffs into a false sense of security by waiting until plaintiffs' time to file an administrative claim had expired and thereupon move to be substituted and dismissed." 568 F.2d at 262.

Also in *Harris v. Burris*, 490 F.Supp. 968 (N.D.Ga.1980), the accident occurred on February 21, 1979, and the plaintiff filed suit in state court on July 23, 1979. However, the United States waited until February 8, 1980, to move for removal and dismissal. In denying the motion to dismiss, the court found that "[n]othing in the record indicates that prior to filing her state court action, the plaintiff knew or should have known of the federal aspect of this case." *Id.* at 971.

■ The facts of the present case, however, contain no such basis for creating an exception to filing requirements of Section 2401(b). The plaintiff was injured on October 3, 1978. The plaintiff, however, waited until September 17, 1980, to file his action in state court. On October 10, 1980, the defendant filed a Motion to Dismiss and Special Plea of Jurisdiction in state court. Further, the plaintiff was on notice at the outset that the defendant was an employee of the United States Government. Clearly, the facts of this case do not present a situation where the Government "lull(ed) [the] plaintiff into a false sense of security"

by deliberately waiting two years before moving for removal and dismissal. Rather, this case is similar to that of *Wollman v. Gross, supra*, where the court dismissed the plaintiff's suit for failure to file a timely administrative claim. The court found that "the plaintiff knew all the essential facts of the case except the fact that the government was vicariously liable under the Federal Tort Claims Act...." 484 F.Supp. at 604.

For the same reason, in the present case, the Court concludes that the plaintiff's failure to exhaust the administrative requirements of 28 U.S.C. § 2675(a) requires dismissal of plaintiff's action. Although the court recognizes the harshness of this result, to hold otherwise would undermine the importance of the administrative filing requirements of § 2675(a) as a prerequisite to jurisdiction and therefore allow the plaintiff to do indirectly that which he could not do directly. Accordingly, the Government's motion to dismiss is GRANTED.