## MARJORIE P. SMITH

### v.

## LANDMARK COMMUNICATIONS, INC.

Record No. 921324

June 11, 1993

Present: All the Justices

150

*Robert F. Haley, II (Chandler, Franklin & O'Bryan*, on brief), for appellant.

*Allan S. Reynolds, Sr. (Reynolds, Smith & Winters*, on brief), for appellee.

JUSTICE KEENAN delivered the opinion of the Court.

The sole issue in this appeal is whether the trial court erred in ruling that, as a matter of law, Landmark Communications, Inc. (Landmark) cannot be held liable under the doctrine of *respondeat-superior* for injuries allegedly caused by John S. Niemeyer, a paper carrier, as he was traveling from his home to pick up his day's supply of newspapers.

Niemeyer's duties included picking up newspapers for delivery each day at a location designated by Landmark. After obtaining the newspapers, he delivered them to subscribers on an assigned route. Landmark did not pay Niemeyer for the time he spent traveling from his home to pick up the newspapers.

On November 6, 1986, while riding his bicycle from home to the pickup location, Niemeyer was traveling in a bicycle lane on Taylor Road in Chesapeake. Marjorie P. Smith was driving her car in the opposite direction, in the lane adjacent to that in which Niemeyer was riding. Niemeyer crossed into Smith's travel lane, causing her to swerve her vehicle to avoid hitting him. Smith lost control of her car and drove it into a ditch on the opposite side of the road. As a result of the accident, Smith suffered the injuries that are the subject of this action.

Smith filed a motion for judgment against Niemeyer and Landmark alleging that Niemeyer was acting within the scope of his employment at the time of the accident and, therefore, that Landmark was liable to Smith under the doctrine of *respondeat superior*. After denying Smith's allegations, Landmark filed a motion for summary judgment. Upon agreement of the parties, the trial court considered Niemeyer's discovery deposition in ruling on Landmark's motion.

In its motion, Landmark alleged that, since it is undisputed Niemeyer was riding from his home to pick up his day's supply of newspapers at the time of the accident, as a matter of law, he was not acting within the scope of his employment. Therefore, Landmark argued that it had no liability to Smith under the doctrine of *respondeat superior*. The trial court granted the motion for summary judgment and dismissed Landmark from the case. This appeal followed.

Smith contends that the trial court erred in ruling that, as a matter of law, Landmark could not be held liable to Smith under the doctrine of *respondeat superior*. Smith argues that Niemeyer was acting within the scope of his employment because Landmark obtained a benefit from having its carriers pick up their newspapers at a designated location, thus eliminating the need for Landmark to deliver the newspapers to each carrier's home. Therefore, Smith contends that Niemeyer's act of riding to pick up the newspapers was naturally incident to his employment, directed by Landmark and performed by Niemeyer with the intent to further Landmark's interests.

In response, Landmark asserts that, since Niemeyer simply was traveling to work, Landmark is not liable for any tort he may have committed during this trip. We agree with Landmark.

■ In order to hold an employer liable for its employee's act under the doctrine of *respondeat superior*, an injured party is required to establish that the relationship of master and servant existed at the time and with respect to the specific action out of which the injury arose. *Sayles v. Piccadilly Cafeterias, Inc.*, 242 Va. 328, 332, 410 S.E.2d 632, 634 (1991); *Nixon v. Rowland*, 192 Va. 47, 54, 63 S.E.2d 757, 761 (1951); *Manuel v. Cassada*, 190 Va. 906, 913, 59 S.E.2d 47, 50 (1950). Thus, in the present case, Smith was required to establish that Niemeyer was acting within the scope of his employment relationship with Landmark at the time he was riding his bicycle from his home to the newspaper pickup site.

■ An act is within the scope of the employment relationship if

(1) it be something fairly and naturally incident to the business, and (2) if it be done while the servant was engaged upon the master's business and be done, although mistakenly or ill-advisedly, with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and

did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.

*Sayles*, 242 Va. at 332, 410 S.E.2d at 634; *Tri-State Coach Corp. v. Walsh*, 188 Va. 299, 307, 49 S.E.2d 363, 367 (1948); *Davis v. Merrill*, 133 Va. 69, 77, 112 S.E. 628, 630-31 (1922).

■ Under the facts presented here, the relationship of master and servant did not exist at the time that Niemeyer was riding his bicycle along Taylor Road. The mere act of traveling to work was not a natural incident of Landmark's business and, thus, it did not place Niemeyer's actions within the scope of the employment relationship.

The fact that the pickup site was located off Landmark's premises does not alter our analysis. Niemeyer began his day's work for Landmark when he obtained his supply of newspapers. In addition, the record offers no support for Smith's contention that, had Landmark not used this site, it would have been required to bring the newspapers to Niemeyer's home. We will not conjecture where Landmark would have left the newspapers had it not used the site in question. Thus, we conclude that the trial court did not err in holding, as a matter of law, that when Niemeyer rode his bicycle into Smith's lane of travel, he was not acting within the scope of his employment with Landmark.

Accordingly, we will affirm the trial court's judgment.

*Affirmed.*