# CIRCUIT COURT OF THE CITY OF NORFOLK

Floyd Bruce Mobley

v.

Curtis Dyson
and Lights R Us, Inc.

February 26, 1999

Case No. (Law) L98-455

BY JUDGE MARC JACOBSON

The basic issue in the above captioned action is whether or not the Defendant Curtis Dyson was engaged in or acting within the scope of his employment as an employee of Lights R Us, Inc. (Lights) at the time of the accident from which the claim of the Plaintiff Floyd Bruce Mobley arises.

The evidence is not clear as to exactly where the Lights vehicle operated by Dyson was located when Dyson together with two other employees of Lights and a representative of the motel where Dyson was staying departed allegedly for the purchase of food. There is also a dispute as to whether or not Dyson was authorized by the person who was Dyson's superintendent to drive or utilize the vehicle operated by Dyson at the time of the accident.

The case of *Smith v. Landmark Communications, Inc.*, 246 Va. 149 (1993), is instructive as to the concept or doctrine of *respondeat superior*. The *Smith* case involved a newspaper carrier by the name of Niemeyer who would travel by bicycle from his residence to pick up the newspapers to be delivered by him to home subscribers at a location determined and designated by Landmark Communications, Inc. Niemeyer was riding his bicycle from his residence to the location to pick up newspapers to be delivered and while doing so was involved in an accident. As a result of the accident, Smith suffered injuries and filed a motion for judgment against both Niemeyer and Landmark alleging that Niemeyer in his capacity as a newspaper carrier and

deliverer was acting in or within the scope of his employment at the time the accident occurred and, accordingly, that Landmark would be liable to plaintiff Smith under the doctrine of *respondeat superior*. Niemeyer was not paid for the time that he spent in traveling from his residence to pickup the newspapers at the location designated by Landmark. In the *Smith* case, the trial court granted Landmark's motion for summary judgment on the basis that the doctrine of *respondeat superior* would not be applicable because Niemeyer, as a paper carrier, as a matter of law, was not acting within the scope of his employment when the accident occurred.

Smith contended that the trial court erred, arguing that the paper carrier was, in fact, "acting within the scope of his employment because Landmark obtained a benefit from having its carriers pick up their newspapers at a designated location, thus eliminating the need for Landmark to deliver the newspapers to each carrier's home. Therefore, Smith contends that Niemeyer's act of riding to pick up the newspapers was naturally incident to his employment, directed by Landmark, and performed by Niemeyer with the intent to further Landmark's interest." (Page 151.)

The Supreme Court held in the *Smith* case that:

> In order to hold an employer liable for its employee's act under the doctrine of *respondeat superior*, an injured party is required to establish that the relationship of master and servant existed *at the time and with respect to the specific action* out of which the injury arose. [Emphasis supplied.] .... Thus, in the present case, Smith was required to establish that Niemeyer was acting within the scope of his employment relationship with Landmark at the time he was riding his bicycle from his home to the newspaper pickup site.

> An act is within the scope of the employment relationship if (1) it be something fairly and naturally incident to the business, and (2) if it be done while the servant was engaged upon the master's business and be done, although mistakenly or ill-advisedly, with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.

Aside from the question of whether or not Dyson was authorized to use or given permission to use the vehicle he was driving at the time of the accident,

the Court concludes that the act of going out for food is no more within the scope of employment of Dyson's work for and on behalf of Lights than the act of the paper carrier riding his bicycle from his residence to the newspaper pickup location in the *Smith* case. Dyson was not paid by Lights for the time spent traveling for food. The Court further concludes that the required master and servant relationship did not exist at the time of the accident in question, that the act of Dyson in going out for food is not "something fairly and naturally incident to the business" of Lights nor was Dyson "engaged upon the master's business ... although mistakenly or ill-advisedly, with a view to further the master's interests, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account."

Accordingly, the Court finds and holds that the relationship of master and servant did not exist at the time Dyson was driving and operating the Lights vehicle at the time of the subject accident.

In accordance with the foregoing, the Court finds that the Plaintiff is entitled to judgment against the Defendant Dyson in the sum of $971.67, together with interest at the judgment rate of interest from February 24, 1999, and the taxable costs. The Defendant Lights is dismissed from the above captioned action.