PUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DEREK A. ROSS,

*Plaintiff-Appellee,*

v.

VINCENT R. BRYAN,

*Defendant-Appellant.*

No. 98-2817

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Jerome B. Friedman, District Judge.
(CA-98-380-2)

Argued: December 1, 1999

Decided: October 31, 2002

Before WIDENER and LUTTIG, Circuit Judges, and
Margaret B. SEYMOUR, United States District Judge
for the District of South Carolina,
sitting by designation.

Affirmed in part, vacated in part, and remanded by published opinion.
Judge Widener wrote the opinion, in which Judge Luttig and Judge
Seymour concurred.

## COUNSEL

**ARGUED:** George Maralan Kelley, III, Assistant United States
Attorney, Norfolk, Virginia; Richard Alan Saunders, FURNISS,
DAVIS, RASHKIND & SAUNDERS, P.C., Norfolk, Virginia, for

Appellant. Blair Edmund Smircina, KALFUS & NACHMAN, Nor-
folk, Virginia, for Appellee.

## OPINION

WIDENER, Circuit Judge:

Defendant Vincent R. Bryan, a First Lieutenant in the Marine
Corps, appeals the district court's order denying the United States'
motion to substitute the United States as the party defendant in this
case and remanding the case to state court. Because we agree with the
district court's finding that Bryan was not acting within the scope of
his employment at the time of the accident in question, we affirm its
order denying the motion to substitute the United States as the party
defendant. However, in compliance with circuit precedent decided
subsequent to the decision of the district court, we vacate the remand
order and instruct the district court to resolve the merits of this case.

### I.

The facts are largely undisputed. This case arose out of a motor
vehicle collision on December 12, 1997, between the plaintiff, Petty
Officer Derek A. Ross and Bryan, which occurred on the Little Creek
Naval Amphibious Base near Norfolk, Virginia. Bryan was on his
way to military logistics class when the car he was driving collided
with Ross's motorcycle. Bryan was an active duty Marine Corps Offi-
cer permanently stationed in California, on a temporary additional
duty assignment to attend military logistics school from September
1996 through December 13, 1996 at Little Creek. Bryan's assignment
orders directed him to live in government quarters, if available, and
indicated that the government would not provide a rental car or reim-
bursement for a personal vehicle. Bryan lived on base, and, for the
majority of his temporary assignment, he did not have access to a car
and obtained transportation from other marines.

The weekend before the accident at issue, Bryan's fiancee came for
a visit after which, having returned her to Roanoke, he kept her car
with him on base. On the morning of the accident, Bryan showered,

dressed in uniform, and drove the car to arrive at class by 7:00 a.m. He traveled directly from his quarters and did not leave the base or deviate to conduct any personal business. He and Ross collided at an intersection on the base.

Following the accident, Ross filed a Motion for Judgment in the Circuit Court of the City of Virginia Beach, seeking damages as a result of the accident. On March 20, 1998, the United States Attorney for the Eastern District of Virginia, pursuant to 28 U.S.C. § 2679, certified that Bryan was acting within the scope of his employment and acting in the line of duty at the time of the accident. The United States filed a Notice of Removal on April 9, 1998, citing 28 U.S.C. § 2679(d) of the Federal Tort Claims Act (the Westfall Act) as the jurisdictional basis for removal. In addition, the government cited as authority for removal 28 U.S.C. §§ 1331, 1346(b), 1442, and 1446.

Ross challenged the scope of employment certification in a motion opposing the substitution of the United States as defendant and asked the district court to deny the certification. Bryan filed a rebuttal brief and the district court granted Ross leave to file a surrebuttal brief. On July 31, 1998, the district court ordered that Ross be allowed to conduct "limited discovery pertaining to the issue of scope of employment" and to depose Bryan. Both parties submitted briefs following discovery, and, due to their agreement as to the underlying facts, the court dispensed with oral argument. Bryan now appeals the district court's decision which decided that he was not acting within the scope of his employment at the time of the accident and remanded the case to the state court.

## II.

As the district court correctly held, Ross had the burden of persuasion to prove by a preponderance of the evidence that Bryan was not acting within the scope of his employment. See *Maron v. United States*, 126 F.3d 317, 323 (4th Cir. 1997).

The United States Attorney for the Eastern District of Virginia certified that Bryan was acting within the scope of his employment and in the line of duty on the morning of the accident. Once the Attorney General has made this certification, "any civil action or proceeding

commenced upon such claim in a State court shall be removed" to federal court and the "United States shall be substituted as the party defendant." 28 U.S.C. § 2679(d)(2). Under the Westfall Act, the Attorney General's certification that an act was within the defendant's scope of employment "shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2).

Once the Attorney General or his delegate certifies that the defendant employee acted within the scope of his employment and the United States is substituted as the party defendant, the plaintiff can seek relief only against the government under the Federal Tort Claims Act. See *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 426 (1995). Although the Westfall Act guarantees removal to federal court to determine the scope of employment issue once the Attorney General has certified that the defendant acted within the scope of his employment, substitution of the United States as defendant is not guaranteed. See *Gutierrez de Martinez v. Lamagno*, 515 U.S. at 430-31 (stating that these provisions "work together to assure that, when scope of employment is in controversy, that matter, key to the application of the FTCA, may be resolved in federal court"). In *Gutierrez de Martinez v. Lamagno*, the Supreme Court reversed our determination that a scope-of-employment certification was not subject to judicial review. 515 U.S. at 423. Thus, we reach the merits of the district court's scope-of-employment determination.

Bryan asserts that, because he resided on base and proceeded directly to class in uniform on the day of the accident, he was pursuing the business of his employer and was within the scope of his employment. To determine whether Bryan's acts were within the scope of his employment, we must apply Virginia *respondeat superior* law. See *Williams v. United States*, 350 U.S. 857 (1955) (per curiam). As noted, Ross had the burden to prove by a preponderance of the evidence that Bryan was not acting within the scope of his employment.

Under Virginia law, an act is within the scope of employment if it was "fairly and naturally incident to the business" and if it was done "while the servant was engaged upon the master's business and be done, although mistakenly or ill-advisably, . . . to further the master's interests" and did not arise "wholly from some external, independent,

and personal motive on the part of the servant." *Sayles v. Piccadilly Cafeterias, Inc.*, 410 S.E.2d 632, 634 (Va. 1991) (quoting *Tri-State Coach Corp. v. Walsh*, 49 S.E.2d 363, 367 (Va. 1948)).

In Virginia, commuting or the "mere act of traveling to work [is] not a natural incident" of an employer's business. See *Smith v. Landmark Communications, Inc.*, 431 S.E.2d 306, 308 (Va. 1993). The district court concluded that Bryan was simply commuting to class on the morning of the accident and decided that Bryan was not within the scope of his employment merely because he was on the base during his commute. We agree that extending the scope of employment to include all incidents occurring on a military base while the serviceman is commuting to his or her duty station is not warranted under these facts. The conclusion of the district court is persuasive, that this "contention would seemingly extend the course of employment, at least in matters involving military bases, to all incidents which happened on the base where a service person was on the way to his or her duty station." The district court concluded that "[s]uch an extension is not a logical one for this Court, even given the particular facts herein," and we agree.

Bryan argues that *Wilkinson v. Gray*, 523 F. Supp. 372 (E.D. Va. 1981), *aff'd.*, 677 F.2d 998 (4th Cir. 1982), mandates a different result. In *Wilkinson*, the government directed defendant Gray, an active-duty Naval officer, to drive to Norfolk for temporary duty to pick up and deliver mail and parts for his ship. 523 F. Supp. at 374. The government provided Gray with a per diem allowance for mileage, food, and lodging and supplied him with a rental van. *Wilkinson*, 523 F. Supp. at 374. As Gray was returning from his delivery of the ship's mail in the government van, he was involved in a motor vehicle accident. *Wilkinson*, 523 F. Supp. at 374. The district court found and we affirmed that Gray was acting within the scope of his employment at the time of the tortious conduct. *Wilkinson v. United States*, 677 F.2d 998, 999-1000 (4th Cir. 1982).

Bryan's situation is distinguished from Gray's in at least the following ways: he, unlike Gray, had not yet arrived at his immediate place of duty, he was not driving a government supplied or authorized vehicle, he was not reimbursed for any mileage, and his attendance at the school did not include the use of a government supplied vehi-

cle. Just as, or more, importantly, Bryan was simply commuting to work, while the driver in *Wilkinson* was not. Despite the government's ultimate benefit from Bryan's class attendance, Bryan was simply traveling to work. Under Virginia law, Bryan's commute is not within the scope of employment, *Smith v. Landmark Communications, Inc.*, 431 S.E.2d at 307, thus, we agree with the district court's decision that he was not acting within the scope of his employment when the accident occurred. Accordingly, we affirm the district court's order denying the motion of the United States to substitute the United States for Bryan as the party defendant under 28 U.S.C. § 2679(d)(2).

### III.

Bryan also appeals the district court's order remanding the case to state court.[1]

During this appeal we have decided a case which is controlling on this question: *Borneman v. United States*, 213 F.3d 819 (4th Cir. 2000). In *Borneman* we recognized a potential conflict between the otherwise plain prohibition of 28 U.S.C. § 1447(d) and the removal provisions of the Westfall Act, 28 U.S.C. § 2679(d)(2). The Westfall Act states explicitly that the scope-of-employment certification of the Attorney General "shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). The Supreme Court has clarified, however, that the Attorney General's certification of scope of employment is conclusive only for purposes of removal to federal court and does not conclusively establish the propriety of substituting the United States as the party defendant. See *Gutierrez*, 515 U.S. at 434. *Borneman* recognized that "28 U.S.C. § 2679(d)(2), which gives the Attorney General the exclusive authority to determine removal jurisdiction under the Westfall Act, comes into tension with 28 U.S.C. § 1447(d), which reserves to a district court the exclusive authority to determine on a remand motion whether the jurisdictional statute justifying removal is satisfied." *Borneman*, 213 F.3d at 826.

---

[1]The parties have not alleged diversity jurisdiction or admiralty jurisdiction.

We reasoned that the tension between the Westfall Act removal provision and §1447(d) "can best be resolved by giving effect to the intent of each statute and preserving to the district court its exclusive authority under § 1447(d) over remand orders based on § 1447(c) *except* when Congress directs otherwise in a more specific situation, such as where Congress gives the Attorney General the exclusive power to decide whether to have a Westfall Act case tried in federal court." *Borneman*, 213 F.3d at 826 (italics in original).

Again, our decision in *Borneman* controls.[2] In *Borneman*, a U.S. postal employee brought suit in state court against his supervisor seeking damages for assault and battery. See *Borneman*, 213 F.3d at 822. The U.S. Attorney certified that the supervisor had been acting in the scope of employment at the time of the alleged incident, removed the case to federal court, and moved to substitute the United States as the party defendant. See *Borneman*, 213 F.3d at 823. After holding limited discovery, the district court decided that the U.S. Attorney's certification was erroneous, denied the motion to substitute, and remanded the case to state court because it concluded that there was no longer federal question jurisdiction. See *Borneman*, 213 F.3d at 823.

The United States appealed the district court's order denying substitution and filed a petition for a writ of mandamus seeking review of the district court's remand order. See *Borneman*, 213 F.3d at 824. We concluded that the district court had misapplied the burden of proof standards governing the scope of employment inquiry and remanded to the district court to apply the proper approach. See *Borneman*, 213 F.3d at 829. However, even if, after applying the proper standards, the district court again concluded that the certification was erroneous and denied substitution, the *Borneman* court instructed the district court to retain jurisdiction of the case and resolve the state law claims of the plaintiff. See *Borneman*, 213 F.3d at 829. Remand to state court was inappropriate, we concluded: "[t]he district court's jurisdiction on remand authorizes it to try the case even though the federal interest [scope of employment] has been eliminated," *Borneman*, 213 F.3d at 829. On remand we required that the district court should consider the merits of the case and proceed

---

[2]As noted, *Borneman* was decided after the district court's order.

to final judgment. *Borneman*, 213 F.3d at 829 (citing *Gutierrez de Martinez v. Lamagno*, 515 U.S. at 435-36 (plurality opinion)).

The case at hand is on all fours with *Borneman*. Accordingly, we affirm the decision of the district court in not substituting the United States as the defendant; we vacate the district court's order remanding the case to state court; and we instruct the district court on remand to retain jurisdiction and resolve the merits of Ross's state law claims.

*AFFIRMED IN PART, VACATED IN PART,*
*AND REMANDED WITH INSTRUCTIONS*