UNPUBLISHED

# UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

DELIA A. GOODWYN, Administrator
of the Estate of Howard E.
Goodwyn, Jr.,
                    *Plaintiff-Appellant,*

            v.

JACQUE SIMONS, a/k/a Jacque
Simmons,
                    *Defendant-Appellee,*

VIRGINIA MUTUAL INSURANCE
COMPANY,
            *Party in Interest-Appellee,*

            and

UNITED STATES OF AMERICA,
                    *Defendant.*

No. 03-1646

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
James R. Spencer, District Judge.
(CA-02-637-3)

Submitted: January 23, 2004

Decided: February 24, 2004

Before NIEMEYER, KING, and SHEDD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

**COUNSEL**

S. Keith Barker, P.C., Richmond, Virginia, for Appellant. Henry C. Spalding III, Douglas A. Winegardner, SANDS, ANDERSON, MARKS & MILLER, Richmond, Virginia; Elizabeth E.S. Skilling, HARMAN, CLAYTOR, CORRIGAN & WELLMAN, Richmond, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Delia A. Goodwyn appeals the district court's order dismissing her wrongful death case with prejudice. Goodwyn sued Jacque Simons and the United States under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 (2000), for the wrongful death of her son that resulted from a collision with an automobile driven by Simons while he was en route to a National Guard exercise on November 17, 2000. Because we conclude that Goodwyn's arguments are without merit, we affirm.

Goodwyn first asserts that Simons was not entitled to assert an immunity defense at a pretrial hearing, but could only raise it as an affirmative defense at trial, and that the district court erred in allowing Simons to assert immunity and in bifurcating the case to resolve the immunity issue pretrial. The FTCA is the exclusive remedy for torts committed by a government employee in the scope of his employment. *United States v. Smith*, 499 U.S. 160 (1991). "[T]he Act specifically allows employees whose certification requests have been denied by the Attorney General, to contest the denial in court." *Gutierrez de Martinez v. Lamagno*, 515 U.S. 417, 431 (1995).

Goodwyn argues that Simons was required to file a formal, separate petition contesting the United States Attorney's denial of certifi-

cation that Simons was acting in the scope of employment. We conclude that the plain language of the statute refutes Goodwyn's assertion, as it merely requires that the employee "before trial petition the court to find and certify that the employee was acting within the scope of his office or employment," and requires that a copy of the petition be served on the United States. 28 U.S.C. § 2679(d)(3) (2000). As Simons moved the district court to dismiss the complaint against him on the ground that he was acting within the scope of employment at the time of the collision, and served this motion on the United States, we conclude he sufficiently raised the issue before the district court. We have previously determined that the immunity under the FTCA is immunity from being sued, not merely a defense. *Gutierrez de Martinez v. DEA*, 111 F.3d 1148, 1154 (4th Cir. 1997). The district court properly concluded that this issue must be decided before trial.

Goodwyn next argues that the district court erred in denying her motion to amend her complaint after she settled with the United States. We review a district court's decision on a motion to amend for an abuse of discretion. *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999).

As discussed above, the district court correctly recognized that it was required to decide the scope of employment issue before considering the merits of the case. Goodwyn's attempted amendment would have dropped the FTCA claim from her case, and left only state law tort claims remaining, for which she sought a jury trial. Once the district court concluded that Simons acted in the scope of employment, however, Simons was immune from suit and the United States would ordinarily be substituted as a party under the FTCA. This option was no longer available because Goodwyn settled with the United States and stipulated to its dismissal from the case. The only logical course of action available to the district court at that time was to dismiss the federal claims in the complaint in their entirety, as there was no longer a proper defendant before the court as to those claims. After the district court reached this decision, amendment of Goodwyn's complaint would have been futile. Goodwyn points out that the district court did not explicitly state that it denied amendment on the ground of futility, but we conclude that such reasoning is self-evident, and in

any event the district court's failure to state its reasons is not an abuse of discretion. *Id.* at 242.

Goodwyn next argues that the district court erred in placing the burden of presenting evidence on the plaintiff at the evidentiary hearing, although she acknowledges that the district court assigned the burden of proof to Simons in its analysis of the scope of employment issue. Goodwyn asserts that the district court's action in requiring that she proceed first in the evidentiary hearing prejudiced her because it gave Simons an opportunity to hear the adverse testimony of her witnesses and thereafter tailor his testimony. A district court is accorded broad discretion in controlling the order of presentation of testimony and other evidence. Fed. R. Evid. 611(a). Our review of the record convinces us that this argument is meritless and that the district court did not abuse its discretion. Moreover, any error by the district court was harmless in light of the fact that this hearing was before the district court judge alone, without a jury, and the district court assigned the burden of proof to Simons in its ultimate analysis and decision.

Goodwyn next contends that the district court erred in admitting hearsay evidence, in the form of statements attributed to Sergeant Darby, at the hearing on the scope of employment issue after Goodwyn filed a motion to exclude the testimony. We review a district court's rulings admitting or excluding evidence for an abuse of discretion. *United States v. Carter*, 300 F.3d 415, 423 (4th Cir. 2002), *cert. denied*, 537 U.S. 1187 (2003). Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Fed. R. Evid. 801(c). If the statement is offered for some purpose other than to prove the truth of the assertion contained within the statement, it is not inadmissible hearsay. *United States v. Pratt*, 239 F.3d 640, 643-44 (4th Cir. 2001). Our review of the record leads us to conclude that the district court did not abuse its discretion in concluding that the statements attributed to Darby were not offered to prove that Simons actually had permission to ride with Darby in his personal vehicle, but rather as evidence that Simons believed that he had such permission, which was relevant to the scope of employment determination.

Goodwyn next argues that the district court erred in making findings of fact based exclusively on Simons' testimony after finding that

Simons was not a credible witness, and in ruling that Simons acted in the scope of his employment. We find that the first assertion is refuted by the hearing transcript and the district court's final opinion discussing the evidence that the court considered in reaching its conclusion that Simons acted within the scope of employment at the time of the accident. We review the district court's conclusion as to whether Simons acted within the scope of employment de novo. *Gutierrez de Martinez*, 111 F.3d at 1152.

The determination of whether an employee acted within the scope of employment requires the application of the law of the state where the tort occurred. *Maron v. United States*, 126 F.3d 317, 324 (4th Cir. 1997). We have recognized that "[f]or the most part, Virginia courts take a fairly broad view of scope of employment." *Gutierrez de Martinez*, 111 F.3d at 1156. Under Virginia law,

> an act is deemed to be within the scope of employment if (1) it be something fairly and naturally incident to the business and (2) if it be done while the servant was engaged upon the master's business and be done, although mistakenly or ill-advisedly, with a view to further the master's interest, or from some impulse or emotion which naturally grew out of or was incident to the attempt to perform the master's business, and did not arise wholly from some external, independent, and personal motive on the part of the servant to do the act upon his own account.

*Sayles v. Piccadilly Cafeterias, Inc.*, 410 S.E.2d 632, 634 (Va. 1991) (quoting *Tri-State Coach Corp. v. Walsh*, 49 S.E.2d 363, 367 (Va. 1948)). Whether an act was within the scope of employment is analyzed as of the time of the injury that gave rise to the claim. *Id.* We have thoroughly reviewed the evidence before the district court and conclude that the court's conclusion that Simons acted within the scope of employment at the time of the accident was correct.

Goodwyn's final argument is that the district court erred in dismissing her state law claims against Virginia Mutual Insurance Company ("VMIC") because the court had asserted jurisdiction over the case and approved the settlement with the United States. Under the supplemental jurisdiction statute, a district court may decline to exer-

cise supplemental jurisdiction over a claim that is outside its original jurisdiction if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3) (2000). We have recognized that "trial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). This is precisely the circumstance that applied in this case after the district court dismissed the FTCA claim against Simons and the only claim remaining was a state uninsured or underinsured motorist claim against VMIC. We conclude that Goodwyn's reliance on this Court's decision in *Ross v. Bryan*, 309 F.3d 830 (4th Cir. 2002) is misplaced because this case did not involve removal from state court, but was originally filed in federal court. The district court did not abuse its discretion in declining to retain jurisdiction over the state law claims.

We therefore affirm the judgment of the district court dismissing Goodwyn's case. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*